THE JUDGE LYNCH INTERNATIONAL BOOK AND PUBLISHING COMPANY v. THE STATE.

No. 5253. Decided January 22, 1919.

Employment Agency—License—Commissioner of Labor—Information.

Where defendant was convicted as a corporation for carrying on the business of an employment agency and the affidavit and information charged either a firm or corporation and not an individual with the offense, the prosecution can not be sustained under the Act of the Thirty-fifth Legislature, section 6 of said Act.

Appeal from the County Court of Galveston County at Law. Tried below before the Hon. J. C. Canty.

Appeal from a conviction of carrying on the business of employment agency without license; penalty, a fine of one hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of conviction of The Judge Lynch International Book and Publishing Company, sometimes called The Judge Lynch International Book Publishing Company, in the County Court of Galveston County at Law.

The defendant was adjudged guilty and its punishment fixed at a fine of one hundred dollars and thirty days confinement in the county jail.

The Assistant Attorney General for the State, in his brief, has confessed error, in that a firm or corporation can not be criminally prosecuted under the laws of this State.

There are no bills of exception in the record, so that none of the errors complained of by appellant are properly before this court. No motion to quash upon any proper ground was made, but, as stated by the Assistant Attorney General, there is no provision of law in this State under which a firm or corporation can be indicted or tried under the criminal laws, as seems to have been the effort here.

It is alleged in the information that The Judge Lynch International Book and Publishing Company is a firm and a private employment agency, of which E. C. Branch is president, and that a capias can be served upon him. This is the end of any description of the defendant in either the affidavit or the information. It is also alleged as follows: "The said Judge Lynch International Book and Publishing Company, sometimes known and called The Judge Lynch International Book Publishing Company, then and there as a firm and private employment agency carrying on the business of an emigrant agent without first having obtained a license therefor from the Commissioner of Labor Statistics," etc. We are clearly of opinion that the affidavit and information charge either a firm or a corporation, it is not clear which, and, therefore, charges no offense. In this connection, and as the Act under which this prosecution is had is a new one, and possibly of some importance, we observe that said Act, which is the work of the Third Called Session of the Thirty-fifth Legislature, and appears on page 108 of the printed laws of said called session, penalizes any person who violates its provisions, and we call attention to the fact that section 6 of said Act, which is the one containing the penalty clause, only mentions "any person" as punishable, and this, in a criminal statute and prosecution, must be a natural person, and omits reference to any firm or corporation. Any person, therefore, who does the inhibited acts, without license as required, may be prosecuted, and the fact that such person uses any guise or trade name in carrying on the business will make no difference in the form of prosecution and will be no defense, but in such case the indictment should be against the individual whose acts constitute a violation of the law. The pleader might, in a proper case, allege that

such person was doing business under whatsoever trade name might be used.

For the reasons stated the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Dismissed.*