

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXX̶W̶I̶L̶X̶X̶W̶I̶L̶S̶O̶N̶
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. G. Waters
Casualty Insurance Commissioner
Austin, Texas

Dear Sir:

Attention:  Mr. T. Jay Foster

Opinion No. O-1307
Re:  Is a motor company or its employees
     subject to prosecution under Art.
     570, 571 or 572 of Vernon's Penal
     Code, under facts stated?

We are pleased to reply to your letter of November 8, 1939.
We quote from parts of your letter:

"Mr. Blank made arrangements with X Motor Company
to buy a new car.  He then called his personal insurance
agent who handled all his insurance and asked him to write
policies to cover fire, theft, bodily injury, property
damage, etc., insurance on it and went by with his agent
to get the motor number and other data for the agent and
was told that his automobile insurance policies would have
to be written by X Motor Company's agent or company or the
whole deal will be called off.

     ". . .

"Article 5055 (R. C. S.) declares that, 'It shall be
unlawful for any person to act within this State, as agent
or otherwise, in soliciting or receiving applications for
insurance of any kind whatever, or in any manner to aid in
the transaction of the business of any insurance company
incorporated in this State, or out of it, without first
procuring a certificate of authority from the Commissioner'.
The following article, 5056, declares, 'Who are Agents', and
it is clear that the actions of X Motor Company's employees
come within the definition there laid down.

     ". . .

"I have examined the penal code and find that there is
no penalty set out specifically applicable to a violation of
Article 5055, unless Article 572, P. C. was meant to apply

by saying that, 'Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company of any kind or character, or transmits for a person other than himself an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been cancelled or revoked, shall be fined not more than one hundred dollars.' However, a case would be very hard to make under that article for the reason that it would be necessary to prove that the Motor Company was soliciting for 'direct or indirect compensation,' and if at all possible, prosecutions should be started under some other article.

".  .  .

"Article 570, P. C. says that, 'Whoever shall do or perform any of the acts or things mentioned in the first article of this chapter for any insurance company referred to in said article without such company having first complied with the requirements of the laws of this State, shall be fined not less than five hundred nor more than one thousand dollars.' Article 568, the 'first article of this chapter' referred to in Article 570, declares 'Who Are Insurance Agents,' and it is quite clear from this description that X Motor Company or its employees are acting as agents or solicitors. But Article 570 says, 'Without such company having first complied with the requirements of the laws of this State' so it appears that this article was meant to cover a case where an agent had started soliciting or writing insurance before the company he purported to represent had 'first complied with the requirements of the laws of this State' and not to a case like the present where the company has complied with the laws of the State but the Motor Company or its employees are soliciting insurance without a license from the Commissioner.

"There is a possibility, however, that Article 570, P. C. may apply to the present case even though it was apparently intended for another purpose. Section 7 of 'Regulations for the Licensing of Agents' (Article 5062a, R. C. S.) provides that, 'When any Local Recording Agent who has been appointed by an Insurance Carrier having a permit to do business in this State shall desire to employ a Solicitor in the operation of his business, he and a company jointly shall make application for a license for such Solicitor to the Board of Insurance Commissioners....' In the present case the Local Recording Agent and a company have not jointly made application for a license for the X Motor Company or any of its employees and it may be said that X Motor Company or its representatives are acting as

solicitors for 'any insurance company referred to in said article without such company having complied with the requirements of the laws of this State' under Article 570.

"If the insurance company for which X Motor Company is soliciting is a foreign corporation, it has not 'complied with the requirements of the laws of this State' because Article 5065 (R. C. S.) provides that each foreign insurance company shall designate some officer or agent who is empowered to employ its agents or solicitors in this State, and such officer or agent shall promptly notify the Commissioner in writing of the name, title, and address of each person so appointed or employed. No officer or agent has 'promptly notified the Commissioner in writing of the name, title, and address of any employee or representative of X Motor Company as a solicitor or agent.

". . .

"I would appreciate your opinion as to whether X Motor Company, under the facts as stated, is subject to prosecution specifically under Article 570 or under 572 as affixing the penalty for violation of Article 5055 or if neither apply and prosecution should be under the Article 571."

At the outset, we call attention to the fact that you refer to the "X Motor Company." By such reference, we assume that the motor company is a firm or a corporation. The great weight of authority today is that a corporation may be criminally liable where the punishment for the offense committed is a fine and not imprisonment. 13 Tex. Law Rev. 252; 272 R. C. L. 765; 33 A. L. R. 1211. This line of authority is not followed, however, by the Court of Criminal Appeals of Texas as is shown by the case of Judge Lynch International Book & Publishing Co. vs. State, (Ct. Crim. App. 1919), 208 S. W. 526.

In this case, the company was indicted under Acts, 35th Legislature (Third Called Session), c. 36, Sec. 6, appearing on page 108 of the printed laws of said Called Session, which provided in substance that "any person" engaged in the business of emigrant agent without first having obtained a license shall be guilty of a misdemeanor and upon conviction shall be fined not less than $100.00. In holding that the indictment was bad, the Court said, through Judge Lattimore:

"No motion to quash upon any proper ground was made, but, as stated by the Assistant Attorney General, there is no provision of law in this state under which a firm or corporation can be indicted or tried under the criminal laws, as seems to have been the effort here.

"We are clearly of opinion that the affidavit and information charge either a firm or a corporation, it is not clear which, and therefore charges no offense. In this connection, and as the act under which this prosecution is had is a new one, and possibly of some importance, we observe that said act, which is the work of the Third Called Session of the Thirty-Fifth Legislature, and appears on page 108 of the printed laws of said called session (Vernon's Ann. Pen. Code Supp. 1918, arts. 5246-101 to 5246-107, 999 1/2), penalizes any person who violates its provisions, and we call attention to the fact that section 6 of said act (Vernon's Ann. Pen. Code Sup. 1918, art. 999 1/2), which is the one containing the penalty clause, only mentions 'any person' as punishable, and this, in a criminal statute and prosecution, must be a natural person, and omits reference to any firm or corporation. . ."

Although this decision has been criticized on the basis that a corporation is a "person," 13 Tex. Law Rev. 253, 275, and though a Court of Civil Appeals has held that a corporation may be guilty of a "crime, offense, or trespass," within the meaning of this phrase for the purpose of venue, Warwick vs. First State Bank of Temple, (Civ. App. 1927), 296 S. W. 348, the principal case has never been overruled or modified. Therefore, it is our opinion that the X Motor Company would not be subject to prosecution under either Article 570 or 571 or 572 of Vernon's Penal Code, 1925.

The fact that the firm or corporation cannot be indicted does not prevent individuals, who do the inhibited acts, from being prosecuted. See Judge Lynch International Book & Publishing Co. vs. State, supra. Therefore, there remains for our consideration the question, under which of the above mentioned statutes, if any, the employees of the X Motor Company may be indicted?

In considering this question we shall assume, as you state in your letter, that the employees of the motor company are agents or solicitors within the purview of Article 568, Vernon's Penal Code, 1925.

In our opinion, the employees of X Motor Company who have committed the inhibited acts, would be subject to prosecution under Article 572, Vernon's Penal Code, 1925, which provides:

"Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company of any kind or character, or transmits for a person other than himself, an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been cancelled or revoked, shall be fined not more than one hundred dollars."

The motor company and its employees are agents, so you state, within the definition of Article 568, and they have no licenses, therefore they are subject to prosecution under Article 572.

As regards Article 572, you point out that it would be difficult to prove that compensation is being received for the services rendered. In order for the employees of the motor company to be held guilty for soliciting insurance without a license, under this Article, it would be necessary that compensation was received for such soliciting. However, it is our opinion that the provision, "for direct or indirect compensation," as used in Article 572, only relates to soliciting insurance. In other words, it is our opinion that, under this statute, anyone who "transmits for a person other than himself, an application for a policy of insurance to or from such company ... without a certificate of authority to act as agent or solicitor for such company," or anyone who "assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company," is subject to prosecution under Article 572, supra, regardless of whether he did or did not so act "for direct or indirect compensation." It is our opinion that this conclusion is correct under the rules of statutory construction; however, by virtue of the decision in the case of Jones vs. State, (Ct. Crim. App., 1923), 265 S. W. 577, it is not necessary to rest our opinion on construction.

In that case, prosecution was based upon Section 49, Chapter 108, Acts, Thirty-first Legislature, which is substantially the same as Article 572, supra. The only difference in the Acts are: first, the words "of any kind and character" were omitted in Section 49, Chapter 108, Acts, Thirty-first Legislature; secondly, the fine has been changed from "not less than one hundred dollars" to "not more than one hundred dollars." The information in this case, as is shown on page 3 of the transcript, stated in part that the defendant "did then and there unlawfully for direct and indirect compensation solicit insurance in behalf of Protective Life Insurance Company, and did then and there transmit for a person other than himself, to wit, for Sam Kruger, an application for a policy of insurance to said Protective Life Insurance Company, and did then and there assume to act in negotiation of insurance without a certificate of authority to act as agent and solicitor for said Protective Life Insurance Company; said Protective Life Insurance Company then and there being an insurance company against the peace and dignity of the State."

The defendant requested the following charge, as is shown on page 8 of the transcript:

"You are charged at the request of the defendant that before you can find the defendant guilty in this case you must find and believe from the evidence beyond a reasonable doubt that said Emmet A. Jones, the defendant herein, received directly or indirectly compensation for such application of the insurance policy."

The lower court refused this charge. The defendant assigned such refusal as error. In holding the refusal of the requested charge proper, the court, through Judge Hawkins, declared:

"Appellant requested the court to instruct the jury that, unless appellant directly or indirectly received compensation for his services, they would acquit him. This charge was properly refused because it ignored entirely that part of the information which alleged that he had transmitted for a person other than himself an application for a policy of insurance, and had assumed to act in negotiation for insurance without the certificate of authority to so do."

In view of our above opinion, to the effect that the employees of the X Motor Company are subject to prosecution specifically under Article 572, supra, we deem it unnecessary to consider Articles 570 or 571, Vernon's Penal Code, 1925; however, we direct your attention to several matters in connection with the last two mentioned Articles of the Penal Code.

Article 570, Vernon's Penal Code, 1925, provides:

"Whoever shall do or perform any of the acts or things mentioned in the first article of this chapter for any insurance company referred to in said article without such company having first complied with the requirements of the laws of this State, shall be fined not less than five hundred nor more than one thousand dollars."

Article 568, supra, is the "first article" which is referred to in Article 570, supra, and is as follows:

"Whoever solicits insurance on behalf of any insurance company, whether incorporated under the laws of this or any other State, or foreign government, or who takes or transmits other than for himself, any application for insurance, or any policy of insurance, to or from such company, or who advertises or otherwise gives notice that he will receive or transmit the same, or shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive or collect or transmit any premium of insurance, or make or forward any diagram of any building or do any other act in the making or consummating of any contract of insurance for or with any such insurance company other than for himself, or who shall examine into, or adjust or aid in adjusting

any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance, or by the employment of such insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken, as far as relates to all the requirements and penalties herein set forth. Acts C. S. 1879, p. 32."

In your letter you state that there is some doubt as to whether the insurance company has complied with the laws of this State as required by Article 5062a, Vernon's Civil Statutes, 1925, or Article 5065, Vernon's Civil Statutes, 1925. In this connection we direct your attention to Article 5062 which provides:

"Whenever the Commissioner shall have or receive notice or information of any violation of any provision of this law, he shall immediately investigate, or cause to be investigated, such violation, and if a fire, fire and marine, marine, tornado, rent, accident, casualty, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety or fidelity insurance company has violated any of such provisions, he shall immediately revoke its license for not less than three months, nor more than six months for the first offense, and, for each offense thereafter, for not less than one year; and, if any person, agent, firm or corporation licensed by such Commissioner as a fire, fire and marine, marine, tornado, rent, accident, casualty, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety or fidelity insurance agent shall violate or cause to be violated any provision of this law, he shall, for the first offense, have his license revoked for all companies for which he has been licensed, for not less than three months, and for the second offense he shall have his license revoked for all companies for which he is licensed and shall not thereafter be licensed for any company for one year from date of such revocation."

With reference to Article 571, Vernon's Penal Code, 1925, providing, "Whoever violates any provision of the laws of this State regulating the business of life, fire or marine insurance, shall, where the punishment is not otherwise provided for, be fined not less than five hundred not (nor) more than one thousand dollars," (italics ours), we call attention to that portion which says, "where the punishment is not otherwise provided for." In accord with our above stated opinion, the penalty for unlawfully soliciting insurance, transmitting policies, or acting in negotiation of insurance is specifically provided for in Article 572, supra.

It is our opinion that the X Motor Company, as such, would not be subject to penal prosecution, but, the individual who did the prohibited act is subject to prosecution under Article 572, supra. It is our further opinion that the phrase "for direct or indirect compensation," in Article 572, relates only to the act of soliciting insurance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
Walter R. Koch
Assistant

By /s/ Harry Shuford
Harry Shuford

HS:pbp:lm

APPROVED DEC 23, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN