

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thos. A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-2689
Re: Criminal Responsibility of Corpora-
tion and its stockholders for violation
of Texas Motor Carrier Act.

We have carefully considered your letters request-
ing our opinion construing Article 1690b of the Penal Code of
Texas as it would be applied to the following fact situation
as submitted by you:

"'A', a corporation, owns and operates a
lumber company, and the output of the lumber
company, that is all of the lumber is delivered
to various parts of Texas by truck and freight
rates are charged so much per thousand, the
trucks are registered in the name of 'A', a cor-
poration, when in truth and in fact they are
actually owned and controlled by 'B' and 'C',
who are stockholders in the corporation, and 'B'
and 'C' receive freight rates earned by said
trucks."

We quote from your letters:

"My first question would be is 'A', a cor-
poration and 'B' and 'C' violating Article 1690b?

"It is my opinion that both 'A', a corpora-
tion, and 'B' and 'C' are violating Article
1690b."

Article 1690b, Vernon's Annotated Criminal Statutes,
is the penal provision of the Texas Motor Carrier Act, and
must be considered with Article 911b of Vernon's Annotated
Civil Statutes. This Act was originally passed in 1929 by the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Thos. A. Wheat, Page 2

Forty-first Legislature and incorporated in the Session Acts of 1929, as chapter 314 at page 698. It has been amended in some respects but the publishers of Vernon's Annotated Code have separated the same as indicated, placing the main part thereof in the Civil Statutes. In this opinion we shall refer to the various sections as numbered by Vernon and associates.

We will not undertake to set out in full all of the applicable sections of the two articles, 911b and 1690b, supra, but reference is made to Section 1 of Article 911b, containing the definitions embodied in the Texas Motor Carrier Act. Paragraphs (g) and (h) of said section read as follows:

"(g)The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever, owning, controlling, managing, operating or causing to be operated any motor propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns.

"(h) The term 'contract carrier' means any motor carrier as hereinabove defined transporting property for compensation or hire over any highway in this State other than as a common carrier."

Thus, we see that every motor carrier as defined, must have either a certificate of convenience and necessity or a permit; the certificate being required of common carriers and the permit being applicable to contract carriers. Section 6 of Article 911b makes provision for special commodity permits in certain instances, but does not apply to lumber. Therefore, if the lumber in question is transported over highways of this State under the circumstances above referred to by you, either a certificate of convenience and necessity, or a permit

Honorable Thos. A. Wheat, Page 3

duly issued by the Railroad Commission of Texas, is essential to legal operation. While a permit is not required of one transporting his own property, the corporation is a legal entity and under your statement contracts with its stockholders. Therefore both 'A', the corporation and 'B' and 'O' the individuals come within the plain language of Article 1690b, paragraphs(a) and (b):

"(a) Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand, or requirement of the Commission shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than Twenty-five Dollars ($25.00), nor more than Two Hundred Dollars ($200.00), and the violations occurring on each day shall each constitute a separate offense.

"(b) Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand or requirement of the Commission shall in addition be subject to and shall pay a penalty not exceeding One Hundred Dollars ($100.00), for each and every day of such violation. Such penalty shall be recovered in any Court of competent jurisdiction in the county in which the violation occurs. Suit for such penalty or penalties shall be instituted and conducted by the Attorney General of the State of Texas, or by the County or District Attorney in the county in which the violation occurs, in the name of the State of Texas."

However, we must next consider the criminal responsibility of the corporation and whether it may be fined in a criminal proceeding. This is a subject which has received the considered attention of many authorities. During the adminis-

Honorable Thos. A. Wheat, Page 4

tration of Attorney General B. F. Looney, two opinions were rendered holding that corporations may be proceeded against and fined for violations of the Penal Code; that the word "person" as used in penal statutes embraces artificial as well as natural persons. Many cases were cited from foreign jurisdictions. See Opinions of Attorney General, Biennial Report, 1912-1914, pp. 295, 296. Reference is likewise made to an article by Dean Ira P. Hildebrand of the Texas University School of Law, 13 Texas Law Review, 253 at p. 272. Clearly, the great weight of authority outside of Texas is that a corporation may be criminally liable not only for crimes involving general intent but even for crimes which require a specific intent.

The Court of Criminal Appeals of this State, however, in the case of Judge Lynch International Book & Publishing Co. v. State, 84 Tex. Cr. R. 459, 208 S.W. 526, wherein the corporation was convicted of carrying on the business of an emigrant agent without first having obtained a license therefor from the Commissioner of Labor Statistics, used this language:

"....there is no provision of law in this state under which a firm or corporation can be indicted or tried under the criminal laws, as seems to have been the effort here."

The Lynch case is cited as authority for the following statement in Texas Jurisprudence:

"Although generally in construing statute law the word 'person' is deemed to include a corporation, in the case of the Texas Penal Code, this interpretation can extend only to a corporation as the 'person' or 'party' who or whose property is affected by the crime, because there is no provision of law in this state under which a firm or corporation can be indicted or tried under the criminal laws." (11 Tex. Jur. 210)

The Judge Lynch case has never been overruled or modified, although severely criticised by Dean Hildebrand in his law review article heretofore cited.

Honorable Thos. A. Wheat, Page 5


In the case of Overt v. State, 97 Tex. Cr. R. 202, 260 S.W. 856, appears the following language:

"We bring criminals personally before the courts and juries under our procedure and enforce punishment fixed by confinement in the jails or penitentiaries, Corporations, companies, firms, co-partnerships, joint-stock companies, or associations could not as such be prosecuted as criminals and could not be brought in person before the courts; and a law that undertakes to so hold them, must be held unreasonable, indefinite, and of doubtful construction."

We again quote from Texas Jurisprudence:

"There is no provision of law in Texas under which a partnership or corporation can be indicted or tried under the criminal laws, nor can they be prosecuted criminally under a statute providing for the punishment of 'any person' who violates its provisions. But while a corporation cannot be imprisoned for violating a statute either as a part of the punishment therefor or for failure to pay a money fine, in rare instances provision has been made for the punishment of corporations for the violation of criminal statutes by means of penalties to be recovered by suit in contradistinction to a fine or imprisonment therefor." (12 Tex. Jur. 271).

We also direct your attention to the fact that Article 1690b, which as hereinbefore noted contains the penalty clauses of the Texas Motor Carrier Act, mentions "Every officer, agent, servant or employee" of any corporation, "and every other person." The officers of the corporation you mention are therefore amenable to the provisions of the law, as well as every individual connected with the doing of the inhibited acts, without license as required, and they may be prosecuted. The fact that any such person uses any guise or trade-name in

carrying on the business will make no difference in the form of prosecution and will be no defense, but in such case the complaint, information or indictment should be against the individual whose acts constitute a violation of the law. See the last paragraph of the opinion in the Judge Lynch case, supra.

Trusting the above satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW:AW

APPROVED SEP 17, 1940

*Gerald C. Mann*

...EY GENERAL OF TEXAS

