

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 2, 1948

Hon. Ray Martin,
County Attorney,
Wichita County,
Wichita Falls, Texas.

Opinion No. V-491

Re: The legality of the proposed
    criminal prosecution of a cor-
    poration for offering adulterated
    food for sale.

Dear Mr. Martin:

Your letter requesting an opinion of this Department is, in part, as follows:

"We desire to prosecute by criminal complaint and information a Corporation, doing business in Wichita Falls, Texas, for violation of Article 707 of the Penal Code, Pure Food and Drug Act. We have evidence to prove that two young boys purchased two ham sandwiches from this firm, and after eating part of the same, discovered the ham to be rotten and containing maggots.

"We request a legal opinion of the Attorney General as to the following:

"(1) Can a corporation as a separate entity be prosecuted under the Texas Law for the criminal offense of offering adulterated food for sale.

"(2) If so, what is the proper procedure to follow in such prosecution?

"It is believed that the proper procedure to prosecute a corporation for a misdemeanor is by filing a complaint and information against the corporation and by serving a copy of the information on the local manager as in civil cases, citing the corporation to appear for trial on a certain date. Attached hereto is a copy of the information I propose to file in this case. Please advise if in your opinion the allegations therein contained are sufficient. . . ."

Article 706, Vernon's Penal Code, is, in part, as follows:

"No person, firm or corporation, shall
within this State manufacture for sale, have in
his possession with the intent to sell, offer or
expose for sale or sell or exchange any article
of food or drug which is adulterated or mis-
branded within the meaning of this chapter."
(Emphasis added)

Article 717, Vernon's Penal Code, sets out the penalty
for violating the pure food laws as follows:

"Whoever shall do any act or thing pro-
hibited, or neglect or refuse to do any act or
thing enjoined by the preceding articles of this
chapter, or in any way violate any provision
thereof, shall be fined not less than twenty-five
nor more than two hundred dollars. It shall
not be necessary for the indictment to allege
or for the State to prove that the act or omis-
sion was knowingly done or omitted. . . ." (Em-
phasis added).

We assume you intend to proceed against the corpora-
tion under subparagraph (6) of Article 707, Vernon's Penal Code
and the definition following which defines an article as adulterated.

". . . if it consists in whole or in part of a fil-
thy, decomposed or putrid animal or vegetable
substance, or any portion of an animal or veg-
etable unfit for food, whether manufactured or
not, or if it is the product of a diseased animal,
or one that had died otherwise than by slaughter.

"'Filthy' defined.--The term 'filthy' shall
be deemed to apply to food not securely protect-
ed from flies, dust, dirt, and as far as may be
necessary by all reasonable means, from all
foreign or injurious contaminations."

As you have pointed out in your able brief the question
of corporate responsibility for a criminal act was before the Texas
Court of Criminal Appeals in the case of Judge Lynch International
Book & Publishing Co. v. State, 208 S.W. 526. In that case a corpo-
ration was convicted in the county court at law of carrying on the
business of an emigrant agent without first having obtained a state
license, and was assessed a fine of $100 and 30 days' confinement
in the county jail. The Court of Criminal Appeals reversed the
trial court and ordered the prosecution dismissed. In the Lynch
case the statute mentioned only "any person" as punishable, and

Judge Lattimore stated in the opinion that the words "any person" in a criminal statute must be a natural person. We also direct your attention to this language in the opinion:

"The Assistant Attorney General for the state, in his brief, has confessed error, in that a firm or corporation cannot be criminally prosecuted under the laws of this state."

Although the above statement seems broad enough to preclude the prosecution of a corporation even under Article 706, et seq., we believe the case can be distinguished from the fact situation before us because Article 706 specifically includes corporations as being liable for violations.

The general rule as to criminal liability of corporations is discussed in Volume 3, Section 799 of Hildebrand's "The Law of Texas Corporations":

"Some early cases stated that at common law a private corporation is not indictable for crime. The great weight of authority today, however, is that a corporation may be criminally liable not only for crimes involving general intent but even for crimes which require a specific intent, provided a suitable penalty that can be imposed on the corporation is provided in the penal code." (Emphasis added)

Since we have seen that Article 717, Vernon's Penal Code, provides for a fine only, it is apparent that a suitable penalty can be imposed on the corporation.

Dean Hildebrand in the same volume and section cited above discusses and criticizes the opinion in the Judge Lynch case as follows:

"There is a decision in Texas by the Court of Criminal Appeals, which has never been overruled or modified, that holds 'any person' in a criminal statute refers to natural persons, and that there is no provision of law in Texas under which a corporation can be indicted or tried under the criminal law . . .

"It, therefore, seems evident that in Texas the above decision by the Court of Criminal Appeals stands unchallenged in any criminal prosecution, and therefore in Texas, a private corporation

Hon. Ray Martin, Page 4 (V-491)

> will not be liable under a general criminal stat-
> ute which does not specifically make corporations
> subject thereto." (Emphasis added)

As to the broad language in the opinion by Judge Latti-
more to the effect that a firm or corporation cannot be criminally
prosecuted, Dean Hildebrand comments:

> "The above suggestion may be untimely as
> the Court of Criminal Appeals may overrule the
> case of Judge Lynch International Book and Pub-
> lishing Company v. State, since the court did not
> give the question involved in that case due consid-
> eration, as the Assistant Attorney General who
> briefed the case for the State admitted in his
> brief, 'That a prosecution under said statute
> cannot be maintained against a firm or a corpo-
> ration, and that this case must be reversed and
> dismissed.'"

We are of the opinion that since the statute under which
the subject prosecution is to be instituted specifically includes cor-
porations that the Judge Lynch case is not controlling. We further
believe that the broad language to the effect that a corporation can-
not be criminally prosecuted under the laws of this State will be
modified in future cases where the statute specifically includes
corporations within its language. It is worthy of note, also, we
think, that in the Judge Lynch case the County Court assessed a
jail sentence against the corporation, which penalty, as we have
seen, cannot be imposed on a corporation.

In Article 717, Vernon's Penal Code, above quoted, the
word "whoever" is used in defining those who shall be punished for
violation of the Pure Food and Drug Act. It is our opinion that the
word "whoever" in the above article includes corporations, and in
support of this we cite the case of Commonwealth v. Graustein and
Co., 95 N.E. 97, decided by the Supreme Judicial Court of Massa-
chusetts in 1911. The facts in that case were practically identical
with the facts now before us. A corporation was indicted for sell-
ing adulterated milk and the question of whether it was included
within the term "whoever" was decided by the court in the follow-
ing language:

> "R. L. c. 8, Sec. 5, provides that the word
> 'person' may 'extend and be applied to bodies pol-
> itic and corporate,' 'unless a contrary intention
> clearly appears.' Considering the evil intended
> to be reached by this statute we are of the opinion
> that the word 'whoever' includes a corporation
> like the defendant."

For further cases similarly defining the word "whoever"

see 45 Words and Phrases 98. In 39 Texas Jurisprudence 275, this statement on construction of penal statutes appears:

> "It is a common law rule that penal statutes are strictly construed against the state or prosecution and in favor of the accused. But this rule has been modified or relaxed in Texas by the provision of the Penal Code which directs that every law upon the subject of crime be construed 'according to the plain import of the language in which it is written.' Under this provision, a penal statute will not be construed so strictly as to defeat the legislative intention, when that intention is plainly manifest or is fairly deducible from the language of the act."
> (Emphasis added)

It is, therefore, the opinion of this Department that a corporation may be prosecuted and fined for the criminal offense of offering adulterated food for sale under Article 706, et seq., Vernon's Penal Code.

The next question concerns the proper procedure to be followed in such a prosecution. Article 717, Vernon's Penal Code, quoted earlier, provides that the indictment need not allege that the act or omission was knowingly done or omitted. As to whether a corporation must be proceeded against by indictment for all offenses be they felony or misdemeanor, we cite the following from Volume V, Fletcher's Cyclopedia of the Law of Private Corporations, page 5401:

> "It has been said, generally, that the fact that there is no previous complaint nor binding over, in the prosecution of a corporation, is immaterial, and that the appropriate first step in such a prosecution is the finding of an indictment."
> (Emphasis added)

We have examined practically all of the leading textbooks dealing with the subjects of criminal law and corporations, and in every case the writers speak of proceeding against corporations only by way of indictment, and use virtually the same language as quoted immediately above. In only one text have we found any intimation that corporations might be proceeded against otherwise than by indictment. In 13 American Jurisprudence, 1060, we find this statement:

> "It is well settled that where the defendant is a corporation, the finding of an indictment is the appropriate first step in the prosecution, a previous complaint or binding over being unnec-

essary. Corporations may be proceeded against for petty offenses however, in an inferior court without indictment the same as individuals; and in a number of cases corporations have been pro- secuted in inferior courts on complaints without the question being raised as to the necessity of prosecuting by indictment." (Emphasis added)

We have found several cases arising in other jurisdic- tions in which corporations have been prosecuted by way of com- plaint and information. However, we have failed to find a single case in which the question was directly before the court as to whether or not this was the proper form of accusation. Because of the paucity of decisions on this question and because of the fur- ther fact that Article 717, supra, provides that the indictment need not allege that the act was knowingly done, it is our opinion that the criminal proceeding you contemplate should be instituted by indict- ment.

As to the proper procedure after indictment, we cite the following from 13 American Jurisprudence, 1060:

"The proper way to bring the corporation into court to answer the indictment is by notice or summons served in the ordinary method pro- vided for service of notices on corporations. The court also acquires jurisdiction over a corpora- tion in a criminal case where the corporation by attorney voluntarily appears and submits to the jurisdiction. If a corporation indicted for a mis- demeanor fails to appear, it has been held that a judgment by default may be rendered against it by virtue of the common law which has establish- ed this practice in civil cases, notwithstanding the lack of any precedents in criminal cases, since personal appearance of the defendant is no more necessary in case of misdemeanor than in a civil action."

Article 782, Vernon's Code of Criminal Procedure, provides that judgment in a misdemeanor case may be rendered in the absence of the defendant. Although in our opinion a capias could not be issued for any officer of a corporation, execution for the fine and costs could issue and be collected under Article 791, Vernon's Code of Criminal Procedure, which provides:

"In each case of pecuniary fine, an execu- tion may issue for the fine and costs, tho a capias was issued for the defendant; and a capias may is- sue for the defendant tho an execution was issued against his property. The execution shall be col-

lected and returned as in civil actions. When the execution has been collected, the defendant shall be at once discharged; and whenever the fine and costs have been legally discharged in any way, the execution shall be returned satisfied." (Emphasis added)

Article 1372, Vernon's Civil Statutes, provides for such execution and is as follows:

"Whenever any domestic or foreign corporation in this State shall violate any law of this State, including the law against trusts, monopolies and conspiracies or combinations or contracts in restraint of trade, for the violation of which fines or penalties or forfeitures are provided, all property of such corporation within this State at the time of such violation, or which may thereafter come within this State, shall, by reason of such violation, become liable for such fines or penalties and for costs of suit and costs of collection."

Because of the fact that some questions of criminal procedure might arise which our Code of Criminal Procedure does not encompass, we cite Article 24, Vernon's Code of Criminal Procedure:

"If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern."

## SUMMARY

1. A corporation may be prosecuted and fined as a separate entity under Article 706, et seq., Vernon's Penal Code.

2. The prosecution of a corporation under Article 706, et seq., Vernon's Penal Code, should be by indictment, served in the ordinary method provided for service of notices on corporations.

Yours very truly

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

CYM;wb/JCP

ATTORNEY GENERAL OF TEXAS

By *Clarence Mills*

Clarence Y. Mills
Assistant