

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 17, 1968

Honorable Criss Cole,
Chairman,
Committee for the Study of
Land Use and Environmental
Control,
Senate Chamber, Capitol Station
Austin, Texas 78711

Opinion No. M-323

Re: Whether Article 695,
Vernon's Penal Code of
Texas, operates to make
air and water pollution
a penal offense, and re-
lated questions.

Dear Senator Cole:

On behalf of the Committee for the Study of Land Use and
Environmental Control, you have requested our opinion on the
following questions:

1. Does Article 695, Penal Code of Texas,
   operate to make air and water pollution
   a penal offense?

2. Is there currently any other statute
   which would make the pollution of the
   air or water in the state a penal offense?

3. Does either proposed House Bill No. 67
   or proposed House Bill No. 69 define such
   a crime?

4. Assuming a statute making pollution a
   crime, is its constitutionality affected
   by the exceptions therein relative to
   cotton gins or similar provisions?

Article 695, Vernon's Penal Code, states:

"Whoever shall carry on any trade, business
or occupation injurious to the health of
those who reside in the vicinity, or suffer
any substance which has that effect to re-
main on premises in his possession, shall
be fined not less than ten nor more than
one hundred dollars. Each day is a separate
offense."

Although Article 695 does not specifically define air
and water pollution as criminal offenses, several Texas Court
decisions have indicated that persons who carry on a trade or
occupation which causes air or water pollution injurious to
the health of persons residing in the vicinity are in viola-
tion of Article 695 and subject to a fine. In Moore v. State,
81 Tex.Crim. 302, 194 S.W. 1112 (1917), the prosecution for
operating a slaughterhouse was upheld as a violation of
Article 695. The evidence showed that the smell and odor and
pollution of an adjacent bayou resulting from the slaughter
operations was injurious to the health of those residing in
the vicinity and constituted a violation punishable by fine.
See also Fielder v. State, 150 Tex.Crim. 17, 198 S.W.2d 576
(1947). Cameron v. State, 389 S.W.2d 471 (Tex.Crim. 1965).

Directly answering your first question we are of the
opinion that Article 695 does operate to make air pollution
and water pollution a penal offense when such pollution re-
sulting from a business is injurious to the health of those
who reside in the vicinity. However, the State does not
have to show that the health of any person living in the
vicinity was injuriously affected, rather it need show only
that the pollution from the operation of the business is
such as would be injurious to health. McNeese v. State, 147
Tex.Crim. 310, 180 S.W.2d 164 (1944).

In answer to question two regarding other statutes
which would make the pollution of air or water in Texas a
penal offense, there is only one statute naming pollution
as a penal offense and it relates merely to water pollution.
Article 862, Vernon's Penal Code, makes unlawful, among other
things, for a person to "....wash or bathe in or in any way
pollute the waters of any lake or pond, or stream...." with-
in the public grounds of Texas. The term "public grounds",
as used in Article 862, includes all the grounds owned by
the State. The penalty for a violation of this provision
is not less than five nor more than one hundred dollars.
Both Article 7577, Vernon's Civil Statutes and Article 698b,
Vernon's Penal Code, making unlawful the polluting of cer-
tain bodies of water were repealed in 1961.

Question three of your request asks whether either of the proposed bills included with your letter define air pollution or water pollution as a crime. The opinion of this office is that neither of the proposed bills defines air or water pollution as a crime. Proposed House Bill No. 67, amending Article 19, Vernon's Penal Code, was written for the purpose of including private corporations (except cotton gins) within the definition of "person", "any person", etc. in Article 19, so that a corporation would not be immune from the prosecution of criminal offenses relating to air and water pollution. Proposed House Bill No. 69 was written for the purpose of creating procedures whereby courts would obtain jurisdiction over corporations and treat corporations as natural persons when they violate a criminal statute. Apparently these bills were proposed as a result of Texas Court decisions which state that there is no procedure in Texas whereby a corporation as such may be indicted or tried for violating a criminal statute. International Book & Pub. Co. v. State, 84 Tex.Crim. 459, 208 S.W. 526 (1919); Overt v. State, 97 Tex. Crim. 202, 260 S.W. 856 (1924); Thompson v. Stauffer Chemical Co., 348 S.W.2d 274 (Tex.Civ.App. 1961, error ref. n.r.e.).

The fourth question in your request asks whether a statute defining such a crime would be constitutional if it excepted from its prohibitions pollution resulting from the operations of cotton gins. Specifically, would the excepting of cotton gins from prosecution under a statute making unlawful the polluting of air and water be a denial of equal protection of laws to other industries which would be subject to prosecution for the same offense?

Section 3 of Article I of the Constitution of Texas guarantees to all persons equality of rights. This section guaranteeing equal rights does not forbid the classification of subjects and persons for the purpose of regulatory legislation (1) so long as the classification is based on a real and substantial differentation between the classes or subject matters included as compared to those excluded from its operation, (2) provided that the differentation bears a reasonable relation to the purposes to be accomplished by the legislation and (3) operates equally on all within the same class. Dodgen v. Depugio, 146 Tex. 538, 209 S.W.2d 588, (1948). Miller v. Railroad Commission, 12 Tex.Sup.Ct. Jour. 141, (Dec. 7, 1968, not yet reported in Southwestern Reporter).

Generally, the Legislature has the power to make any classification and exemptions which are not arbitrary and

Hon. Criss Cole, page 4 (M-323)

unreasonable.  Watts v. Mann, 187 S.W.2d 917 (Tex.Civ.App. 1945, writ refused).  In determining whether a classification or exemption is arbitrary and unreasonable, the Texas Supreme Court has held that the test is whether there is any basis for the classification which could have seemed reasonable to the Legislature for making such a distinction.  San Antonio Retail Grocers v. Lafferty, 156 Tex. 574, 297 S.W.2d 813 (1957).

In view of the purpose of such legislation, i.e., to protect the health of the public by stopping pollution, there would necessarily have to be a reasonable basis for distinguishing the operations of one type of business from the operations of other businesses or the legislation would be unconstitutional.  The determination of the existence or absence of any grounds for excepting a particular business rests within the sound discretion of the Legislature.  The decision of the Legislature is subject to review by the courts upon allegation that no reasonable basis exists that would support an exclusion of a particular type business from the penalties imposed by the Act.  Such allegation must then be proved by competent evidence before the Act would be held to be unconstitutional by the court.  This office cannot and does not attempt to decide these issues of fact which may or may not justify the exclusion of a particular business from the operation of the Act.

S U M M A R Y

Operating a business which results in air or water pollution may be a violation of Article 695, V.P.C.; Article 862, V.P.C. relating to water pollution is the only statute defining pollution as a penal offense; neither proposed House Bill No. 67 nor proposed House Bill No. 69 defines air pollution or water pollution as a crime; a reasonable basis must exist for the exclusion of any particular business from the effect of a penal statute or the statute will be unconstitutional as unduly discriminating against the other businesses affected by the statute.  The existence or non-existence of facts warranting exclusion must be determined by the Legislature and is subject to review by the courts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles F. Aycock
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Jack Sparks
James Swearingen
Vince Taylor
Bob Flowers

Hawthorne Phillips
Staff Legal Assistant