**VAUGHAN & SONS, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–058–CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 22, 1983.

Discretionary Review Granted
June 15, 1983.

Robert C. Bennett, Shaffer, Bennett & Allshouse, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece, Asst. Dist. Atty., Houston, for appellee.

HUTCHINSON, Justice.

Appellant, Vaughan & Sons, Inc., a Texas corporation, was tried before a jury in Harris County for the offense of Criminally Negligent Homicide by way of an Information that alleged that it, acting through two of its employees, caused the death of two individuals in a motor vehicle collision. Appellant was convicted and assessed a fine of $5,000.00 by the trial court.

Appellant by its first ground of error contends that the Penal Code provisions for the prosecution of corporations and other artificial legal entities do not extend to any type of criminal homicide and that the trial court erred in failing to grant its motion to set aside the Information. The basis for this contention is its assertion that the 63rd Texas Legislature did not intend, by its passage in 1973 of what is now Section 7.22 of the Texas Penal Code Annotated, to subject corporations to prosecution for crimes involving personal violence or abuse, including criminally negligent homicide. Since this new Code, there has been no reported appeal of a conviction of a corporation in Texas for the offense of negligent homicide or any other degree of homicide.

Tex.Penal Code Ann. § 1.07(a)(27) (Vernon 1974) includes a corporation within the definition of a "person." Section 1.07(a)(17) provides that "individual" means a human being who has been born and is alive. Criminally negligent homicide as defined in Section 19.07(a) of the Code states that "A

person commits an offense if he causes the death of an individual by criminal negligence." A corporation is criminally responsible for the conduct of its agents acting within the scope of employment. Tex.Penal Code Ann. § 7.22(a) (Vernon 1974).

■ Appellant, as noted, urges that the Penal Code provisions for the prosecution of private corporations do not extend to criminal homicide. Texas courts have not addressed this question since the adoption of the 1974 Penal Code. It was once widely accepted that a private corporation was not indictable for any criminal offense. But today, the general rule is that a corporation may be held criminally liable for criminal acts performed by its agents acting on its behalf. *See, generally,* 19 Am.Jur.2d *Corporations* §§ 1434–1437 (1965). Prior to 1974, no procedural mechanism existed in Texas to allow criminal prosecution of corporations. *Overt v. State,* 97 Tex.Cr.R. 202, 260 S.W. 856 (1924); *Judge Lynch International Book & Publishing Co. v. State,* 84 Tex.Cr.R. 459, 208 S.W. 526 (1919); 18 Tex. Jur.3d *Criminal Law* § 161 (1982); Hamilton, *Corporate Criminal Liability in Texas,* 47 Texas L.Rev. 60 (1968). Now, however, Section 7.22 Tex.Penal Code Ann. (Vernon 1974), provides the procedural device to impose criminal responsibility on corporations.

■ Even where corporations are indictable for criminal offenses generally, those states which have addressed the issue are divided as to criminal responsibility for personal crimes such as homicide and rape, though the majority still agree a corporation cannot commit a crime requiring specific intent. It is fundamental to our criminal jurisprudence that for more serious offenses guilt is personal and not vicarious. 40 Am.Jur.2d *Homicide* § 26 (1968); Annot., 83 A.L.R.2d 1117 (1962); 19 C.J.S. *Corporations* § 1363 (1940). Many state courts have, however, shown a tendency to enlarge on the criminal liability of corporations by

holding them responsible for the lesser degrees of homicide. Eg., *Commonwealth of Pennsylvania v. McIlwain School Bus Lines,* 283 Pa.Super. 1, 423 A.2d 413 (Pa.Super. 1980); *State v. Lehigh Valley R. Co.,* 90 N.J.Law. 372, 103 A. 685 (N.J.1917). The offense of criminally negligent homicide which Vaughan was convicted of is pivotal in that it is both a personal crime and an offense requiring only general intent.

■ A superficial reading of the negligent homicide statute construed with the Penal Code definition of "person" indicates that a corporation could indeed be found guilty of the crime charged. But the actual question before this court is whether a legislative intent plainly appears which includes corporations within the criminal field of negligent homicide by the use of the term "person."

Throughout the Penal Code, "person" identifies the party guilty of a crime. To assume the legislature intended to include corporations within the class of culpable parties in each such instance would mean the legislature envisioned the seeming impossibility of the artificial and soulless corporation having the capacity to formulate intent (§ 19.02), escape from confinement (§ 19.03), rape (§ 21.02), abuse a corpse (§ 42.10), be a prostitute (§ 43.02), and smoke tobacco (§ 48.01), among other things. Since it is evident the legislature could not have intended corporate responsibility for these and other crimes [1], we look to the legislative intent in relation to each category of crime.

Section 19 of the Texas Penal Code groups all the degrees of homicide, including criminally negligent homicide, together in one unit. Each degree of the offense proscribes the killing of an "individual" by a "person." This grouping and the similar wording indicate the legislature intended these to be different degrees of the same crime. There is no indication in the word-

---

1. It is notable that the Code of Criminal Procedure specifically allows for this sort of conflict with logic by providing that its definitions apply to and include corporations "unless the context requires a different definition." Tex.

Code Crim.Pro.Ann. art. 17A.01(b) (Vernon 1977). This safe harbor provision avoids many potentially awkward charges against corporations such as in the present situation.

ing of the statute or elsewhere that the type of individual capable of committing homicide varies with the degree of culpability. On the contrary, § 19.01(a) implies that whoever is capable of committing criminal homicide must also be capable of intent, knowledge, and recklessness—not just criminal negligence. It is readily apparent that a corporation is unfit to intentionally or knowingly cause the death of an individual (§ 19.02), escape confinement (§ 19.03(a)(4)), become intoxicated (§ 19.-05(a)(2)), or possess a "condition of the mind" (§ 19.06). Therefore, without a stronger, clearer indication from the legislature that the policy for holding corporations criminally responsible for homicide has changed, we decline to so hold. We should make haste slowly when it is in the direction of holding either an individual or a corporation criminally liable for a crime, especially one so serious as homicide, when it is committed by someone other than the person charged.

The judgment of conviction and the sentence of the trial court are reversed and the Information is dismissed.