R. S. MEYERS V. THE STATE.

No. 22990. Delivered January 24, 1945.

The opinion states the case.

*Vinson, Elkins, Weems & Francis* and *Fred R. Switzer,* all of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint with a violation of the anti-pollution statute and assessed a fine of $200.00.

It was alleged that on the tenth day of April, 1944, R. S. Meyers did pollute a public body of surface water by then and there discharging oil into said water and by permitting oil to escape into said water to such an extent that the surface water was made harmful to edible fish and that it did endanger the wharves along and abutting Buffalo Bayou. It is further alleged that he had charge and control of the oil and equipment where it was discharged into and permitted to reach the water and that it was the duty of R. S. Myers to prevent oil from being discharged into said stream.

The evidence in the case was that on said date appellant, who was superintendent of the properties and production of the Crown Central Oil Company refinery situated on Buffalo Bayou, left the premises at closing time and did not return until called a little after seven o'clock the following morning. During the night a valve burst which emptied the oil from one of the storage tanks. There was a dike around the tank sufficient to confine the oil on the ground except for the fact that a construction company, which was engaged in erecting a war work plant of some kind on adjacent property, had cut into the dike. Because of this the oil overflowed into a sewer and emptied a large quantity into the bayou. The amount of oil is not specifically stated but the company's loss from the tank was 19,500 barrels. A night watchman employed by the company was on duty for the night but apparently did not discover the break. When another

employee came the following morning and found the condition, he called Mr. Myers who, went at once and engaged himself in stopping the flow of oil into the bayou.

There is much evidence in the case about the cause of the break and the danger to the property along the bayou but there is nothing further to connect appellant with any negligence in the matter. There is not even evidence to indicate that he was charged with any responsibility in connection with the duties of the night watchmen. If there is any connection between the appellant and the negligence, to say nothing of a willful act, which caused the flow of oil into the bayou it is so remote we are not able to discover it. It, therefore, follows that the evidence is insufficient to support the conviction.

Much is said in appellant's brief about the uncertainty of Section Five of Chapter 285, Acts of the Forty-eighth Legislature, under which this prosecution is had. The court in his charge submitted the law in the following language:

"Our statute provides that it shall be unlawful for any person, firm, corporation, association, town, city or other political subdivision of this State, or any agent, officer, employee (or representative of any person, firm, corporation, association, town, city,) or other political subdivision of this State to pollute any public body of surface water in this State."

This appears to be a correct statement of the law as it is found in Section One of the Act. In Section Five, fixing the penalty to be assessed, we find a restatement with the exception that the portion which we have inclosed in parenthesis in the above quotation is omitted. We, therefore, conclude that the phrase apparently left out of Section Five, following the word "person," has no value in construing the Acts as applied to a charge against one in his individual capacity. The Legislature might well clarify Section Five by an amendment, if it so desires, adding the words which appear to be omitted in the original Act. Appellant is charged in this case as an individual, a person, and not as an agent. The record before us raises no question about the faulty language and it is unnecessary for us to comment on what its effect might be on another and different case as such comment would be quite speculative. The court properly overruled the attack made on the complaint.

For the insufficiency of the evidence the judgment of the trial court is reversed and the cause is remanded.