H. W. McCollum v. State

No. 29,015. June 29, 1957.
State's Motion for Rehearing Overruled.
(Without Written Opinion) October 23, 1957.

*Vinson, Elkins, Weems & Searls,* by *Gaius G. Gannon, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

In view of appellant's argument and citation of additional authorities in his motion for rehearing, we now withdraw our original opinion and substitute therefor the following:

This is a conviction for the *pollution* of *public waters,* which is prohibited by Art. 698b, Vernon's P.C., with punishment assessed at a fine of $110.

The Hess Terminal was a tank storage depot for the loading of ships, barges, and tank cars adjacent to and along the Houston Ship Channel. Appellant was the vice-president of the company and in complete charge of its operation.

According to the testimony of the state's witness, who reported the fact to appellant, oil was found escaping from Hess Terminal into the Ship Channel, thereby polluting those public waters. Appellant promised, then, to take all necessary steps to prevent further pollution. Shortly thereafter, oil was again found in the channel of such nature and in such amount as to constitute pollution of public waters, under the statute, and to warrant the conclusion that the operation of boats thereon was endangered.

While there was some dispute in the evidence, the conclusion is reached that the evidence is sufficient to warrant the trial court's ruling that the oil actually escaped into the channel from Hess Terminal because of defective or improper operation of a separator designed to prevent such escape.

Appellant did not testify as a witness in his own behalf.

Jameson, who was the superintendent of the Hess Terminal and appellant's subordinate, testified as to the prior efforts of the company not only to salvage escaping oil but to prevent pollution of the channel waters by the installation and operation of

the separator. He denied any knowledge of the escaped oil, involved in this prosecution, from the separator or premises of Hess Terminal.

It will be noted that there is an absence of any testimony showing that appellant was actually in charge of the operation or maintenance of the separator or that he was in any manner personally connected with the oil escaping from the premises of the company and the resultant pollution of the channel or that he knowingly permitted such pollution.

On the other hand, it is established that appellant was the head of the company and, as such, was responsible for its operation and maintenance by and through delegated subordinates or employees.

This conviction is against appellant, personally. It is not a proceeding against Hess Terminal.

The question for determination, then, turns upon whether —under the facts stated—appellant may be adjudged guilty of the polution of the channel waters.

In support of his contention that the facts do not warrant the conclusion of guilt, he poses this question:

Suppose the pollution here shown had caused damage to the person or property of another, who, as a result thereof, sues both Hess Terminal and him to recover the damage, would the instant facts authorize a judgment against him, personally, for the damage sustained?

The position taken is that the question should be answered in the negative because the undisputed facts show that appellant was the general manager in charge of the Hess Terminal plant and had delegated the operations of the plant to subordinates who, in turn, delegated their functions to other employees.

Appellant insists that he could not be personally liable for the defective operation of the sump or separator causing the pollution and, since he had delegated the operation of the separator to subordinates, he could not be held criminally responsible for his subordinates' failure to act.

In support of the position taken, appellant cites the case of S. H. Kress & Co. v. Selph, 250 S.W. 2d 883, writ refused,

n.r.e. That case appears to be directly in point and covers a very similar state of facts. It sustains this appellant's contention that a civil suit for damages could not be successfully maintained against him for damages that might have been sustained by another because of the pollution here shown.

We have reached the conclusion, here, that inasmuch as the facts fail to show any personal connection on the part of the appellant with the pollution or the maintenance or operation of the separator, he cannot be held liable, criminally, for the acts of his subordinates or employees in the absence of a showing that he was connected therewith in some manner recognized by law, whereby one may be criminally liable for the acts of another or others. Myers v. State, 148 Texas Cr. Rep. 77, 184 S.W. 2d 924, is deemed also in point, and supports our holding here.

The statute under which this prosecution was conducted prohibits pollution of public waters by corporations and companies. The conclusion here reached does not foreclose the right of the state to proceed against the Hess Terminal.

It is now determined that the facts do not warrant the conviction in the instant case.

Accordingly, appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.