

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 4, 1969

*See H-18*

Sen. Charles F. Herring,
Chairman,
Senate Jurisprudence Committee
Capitol Station
Austin, Texas

Opinion No. M-348

Re: Constitutionality
of Senate Bill No.
5 and Senate Bill
No. 6, and related
inquiries.

Dear Senator Herring:

Your recent request for the opinion of this office
with reference to Senate Bill No. 5 and Senate Bill No. 6
includes the following questions:

"1. Are Sections 2 and 3 of Article 698d, Texas
Penal Code, proposed by Senate Bill 5, con-
stitutional?

"2. Are Sections 2 and 3 of Article 698c, pro-
posed by Senate Bill 6, constitutional?

"3. Are the procedures prescribed in Senate Bill
5 and Senate Bill 6 adequate to obtain crimi-
nal jurisdiction over corporations and asso-
ciations?

"4. If the procedures are adequate to obtain
criminal jurisdiction over corporations and
associations, and if adequate proof of a
violation is presented to the court, can the
Judge or Jury make a finding of guilt or inno-
cence against a corporation or association if
there is no appearance made by a representa-
tive in behalf of the corporation or associa-
tion?

"5. If a corporation or association makes an ap-
pearance during the trial proceedings, is it

- 1717 -

necessary that the corporation or associa-
tion be present by representative through-
out the trial in order for a verdict to be
rendered?

"6.   Are S.B. 5 and S.B. 6 constituional, inso-
far as they delegate authority to an administra-
tive agency to define penal standards, rather
than defining such standards by statute?

"7.   Assuming that S.B. 5 and S.B. 6 and H.B. 67
and H.B. 69 are all enacted, and assuming
that a corporation is prosecuted under
Article 695 of the Texas Penal Code, in ac-
cordance with H.B. 67 and H.B. 69, would a
variance obtained under S.B. 5 or S.B. 6 con-
stitute a complete defense to such prosecu-
tion?

"8.   Would the enactment of H.B. 67 and H.B. 69
be in conflict with S.B. 5 and S.B. 6 if all
were enacted into law?"

Senate Bill 5 would add to the Penal Code an article
making pollution of the air a misdemeanor offense when not
done under a variance. Senate Bill 6 would add to the Penal
Code an article making pollution of water a misdemeanor of-
fense when not done under a permit.

Sections 2, 3, and 4 of Article 698d, proposed under
Senate Bill 5, read as follows:

"Section 2. No person may cause or permit
the emission of any air contaminant which causes
or which will cause air pollution unless the
emission is made in compliance with a variance
or other order issued by the Texas Air Control
Board."

"Section 3. No person to whom the Texas
Air Control Board has issued a variance or other
order authorizing the emission of any air con-
taminant from a source may cause or permit the
emission of the air contaminant from that source
in violation of the requirements of the variance
or order."

"Section 4. Any person who violates any
of the provisions of Section 2 or 3 of this
Article is guilty of a misdemeanor and upon
conviction is punishable by a fine of not less
than $10 nor more than $1,000. Each day that
a violation occurs constitutes a separate of-
fense."

Senate Bill 6 includes comparable provisions with re-
spect to the pollution of water.

### PROBLEM RAISED BY PROVISION FOR DISCOVERY

While your questions No. 1 and No. 2 are in terms of
the constitutionality of Sections 2 and 3 of each bill, we
are of the opinion that we should discuss the problems
raised by the inclusion in each bill of a provision to the
effect that "the court may authorize discovery procedures
requested by the state." Unlimited discovery proceedings
would, in a criminal statute, contravene the constitutional
right against self-incrimination.

If a state may have discovery procedures of any kind
under a criminal statute, their nature must be more expli-
citly described. The language of the bills is unconstitu-
tionally too broad. Article 39.14, Code of Criminal Pro-
cedure, only authorizes discovery proceedings by the de-
fendant. However, so long as discovery proceedings are
limited and proper safeguards provided so as to prevent
violation of the privilege against self-incrimination, there
would appear to be no constitutional bar against the enact-
ment of a statute providing for certain discovery proceed-
ings by the state. See the Special Commentary by Judge
John F. Onion, Jr., appearing at pages 609-610 of Vernon's
Annotated Code of Criminal Procedure, Volume 4, under Arti-
cle 39.14.

### CONSTITUTIONALITY OF S.B. 5 and S.B. 6 IN GENERAL, AND AS THE BILLS RELATE TO INDIVIDUALS.

We answer in the affirmative your questions No. 1 and
2 with respect to their application to individual persons.
Your questions No. 1 and 2 are directed, however, only to
Sections 2 and 3 of the bills. This answer is subject to
our previous comments concerning the provisions for discovery

by the state.

We have held Sections 2 and 3 constitutional for the reason that the legislative prohibition of water pollution and air contamination, necessarily involving the health, safety, comfort, and welfare of the public, is within the police power of the state, and the Legislature may declare a violation of this type of prohibition to be a penal offense, even though moral turpitude is not involved. Spann v. Dallas, 111 Tex. 350, 235 S.W. 513 (1921), 19 A.L.R. 1387; Odenthal v. State, 106 Tex.Crim. 1, 290 S.W. 743 (1927); Sherow v. State, 105 Tex.Crim. 650, 290 S.W. 754 (1927).

In answering these questions in the affirmative, we have also concluded that Senate Bills 5 and 6 do not involve an unconstitutional delegation of legislative power. This subject is discussed more fully in our answer to your question No. 6.

Each bill does create an offense and in the same statute provide for an exception to its application. Article I, Section 28, of the Texas Constitution provides that "No power of suspending laws in this State shall be exercised except by the Legislature." This does not restrict the power of the Legislature to provide for exceptions to the application of a statute. Williams v. State, 146 Tex. Crim. 430, 176 S.W.2d 177 (1943), and cases cited therein.

### CONSTITUTIONALITY OF S.B. 5 and S.B. 6 AS THEY APPLY TO PRIVATE CORPORATIONS

We answer in the affirmative your questions No. 1 and 2 with respect to their application to private corporations.

Historically, Texas courts, mostly through statutory construction, have held that a corporation is not subject to prosecution under a penal statute. However, there is apparently no constitutional bar to the Legislature's making a private corporation subject to criminal prosecution by appropriate statutory provisions.

The subject of corporate criminal liability is reviewed in an excellent discussion of the subject in 47 Texas Law Review 60, by Professor Robert W. Hamilton. The author states in the article that Texas is the only state that does not permit corporations to be subjected to criminal prosecution. Reviewed in the article are the following Texas cases, commonly cited on the subject:

Guild v. State, 79 Tex.Crim. 603, 187 S.W. 215 (1916);
Judge Lynch International Book & Publishing Co. v. State, 84 Tex.Crim. 459, 208 S.W. 526 (1919);
Overt v. State, 97 Tex.Crim. 202, 260 S.W. 856 (1924);
McCollum v. State, 165 Tex.Crim. 241, 305 S.W.2d 612 (1957); and
Thompson v. Stauffer Chemical Co., 348 S.W.2d 274 (Tex.Civ.App. 1961, error ref. n.r.e.).

The author concluded that, despite certain dictum in the McCollum case, "the most recent case dealing with the question of corporate criminal liability returns to the position that such liability does not exist." The "most recent case" referred to is Thompson v. Stauffer Chemical Co., supra, where the charge was violating Article 695, Texas Penal Code (Vernon 1948), a statute framed in terms of "whoever" shall etc. The author points out that in refusing the writ "n.r.e." the Supreme Court has left open the question whether the decision should be placed on the ground that the pronoun "whoever" does not include a corporation or on the procedural grounds adopted by the court of appeals.

As noted by Mr. Hamilton in his article, the Texas cases holding a corporation not subject to prosecution under a criminal statute appear to have relied either on the notion that a prohibition running to "whoever", or to any "person", does not include a corporation, or alternatively on the ground that Texas procedural law does not provide for bringing a corporation to bar on a criminal charge. In the Overt v. State case the court did raise the question of "due process", but the court was dealing with a statute that defined "person" to include a firm, company, copartnership,.......and all officers, directors, and managers......"

Senate Bills 5 and 6 avoid the "whoever" problem by providing that no "person" may do the prohibited act, and defining "person" to include a private corporation. The bills then provide procedural provisions designed to remedy the procedural problem.

In Attorney General's Opinion No. V-491 (1948), this office held that a corporation may be prosecuted and fined as a separate entity under Article 706, et seq., Vernon's Penal Code.

A corporation is a creature of the State, derives its powers from the State, and is subject to liabilities imposed on it by the State. Obviously, however, the only penalty that may be imposed on a corporation is a fine. Our previous comments in this opinion concerning the State's right of discovery also apply where a corporation is the defendant.

Since there is no constitutional bar to the Legislature's making a private corporation subject to prosecution under a penal statute, we proceed to review the general law that would become applicable in Texas under the proposed statutes.

In 19 Am. Jur. 2d, Corporations, Section 1434, p. 827, is the statement:

> "The broad general rule is now well established, however, that a corporation may be criminally liable."

Cited as authority are two United States Supreme Court cases and cases from 22 states.[1] The same authority added:

> "As in the case of torts the general rule prevails that a corporation may be criminally liable for the acts of an officer or agent, assumed to be done by him when exercising authorized powers, and without proof that his act was expressly authorized or approved by

(1)  Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Virginia, and West Virginia.

the corporation.  A specific prohibition made
by the corporation to its agents against vio-
lation of the law is no defense.  The rule has
been laid down, however, that corporations
are liable, civilly or criminally, only for
the acts of their agents who are authorized to
act for them in the particular matter out of
which the unlawful conduct with which they are
charged grows or in the business to which it
relates. (Citing numerous authorities.)"

CONSTITUTIONALITY OF S.B. 5 and S.B. 6
AS THEY APPLY TO ASSOCIATIONS, PARTNER-
SHIPS, FIRMS, TRUSTS, AND ESTATES.

In reply to your questions No. 1 and 2, we hold that
to the extent that Sections 2 and 3 of S.B. 5 and S.B. 6
would apply to partnerships, associations, firms, trusts,
and estates, the bills are unconstitutional.

In 44 Tex. Jur. 2d, Partnership, Section 94, page
421, is the statement that "A partnership as such may not
be prosecuted for a crime", citing Peterson & Fitch v.
State, 32 Tex. 477 (1870); Judge Lynch International Book
& Publishing Co. v. State, 84 Cr.Rep. 459, 208 S.W. 526,
(1919); Overt v. State, 97 Cr.Rep. 202, 260 S.W. 856
(1924).

The same text, at page 421, cites Mills v. State,
23 Tex. 295 (1859), as authority for the statement that
"And a penal statute directed against 'companies, corpora-
tions or associations' does not apply to partnerships." The
Mills court reasoned that the language was meant to apply
only to large groups acting through their officers.

In Overt v. State, cited above, the court expressly
raised the question of constitutionality.  The statute
under review there defined "person" to include a firm, com-
pany, copartnership, corporation.....and all officers, di-
rectors, and managers....." The court wrote that these
entities

.....could not as such be prosecuted as criminals
and could not be brought before the courts; and
a law that undertakes to so hold them, must be
held unreasonable, indefinite, and of doubtful
construction. (Emphasis supplied).

The court continued in the same paragraph, apparently referring to the nature of the prohibitions in the act and also to the identity of the parties sought to be charged:

"What we have said suffices to make it plain that in our opinion the material parts of this law are unintelligible, harsh, oppressive, incapable of enforcement and as depriving citizens of property without due process of law." (Emphasis supplied).

No Texas cases have been found overturning either the Overt case or the Mills case. Nor do we find other jurisdictions holding that a partnership may be prosecuted as such under a penal statute. To the contrary the discussion in 40 Am. Jur., Partnership, Section 196, Criminal and Penal Liabilities, p. 266, is to the effect that generally an innocent partner is not criminally liable for the acts of another. The text did cite cases in which both partners were liable, but they were held liable individually.

A significant discussion of the nature of a partnership is found in California Jurisprudence (Vol. 20, p. 680) in the following language:

"In most respects a partnership is but a relation, with no legal being as distinct from the members who comprise it. It is not a person, either natural or artificial. Thus a partnership, as such, cannot be guilty of a crime, but guilt attaches to the delinquent member or members," citing cases. (Emphasis supplied).

We are constrained to follow the Texas authorities cited, as well as authorities from other jurisdictions, and based thereon, it is our opinion that Senate Bills 5 and 6 are unconstitutional to the extent that they would apply to partnerships.

Associations take many forms in addition to those expressly included in the definitions given the word in S.B. 5 and S.B. 6.

> "Association" is a word of vague meaning used to indicate a collection of persons who have joined together for a certain object. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, L. R.A. 1918E, 639.

The legal problems in making a partnership criminally liable apply with added force when an association is the object. This principle would appear to have equal application to a "firm" or a "trust", or "estate". In the language of the Overt court, a statute that seeks to make such type of entity criminally liable as such "must be held unreasonable, indefinite, and of doubtful construction."

We are, therefore, of the opinion that Senate Bills 5 and 6 are unconstitutional to the extent that they would apply to associations, partnerships, firms, trusts, and estates.

## QUESTION NO. 3 - JURISDICTIONAL PROCEDURES

You have asked in Question No. 3 whether jurisdictional procedures prescribed in Senate Bills 5 and 6 are adequate to obtain criminal jurisdiction over corporations.

Your question is answered in the affirmative as it applies to a corporation. Article I, Section 10 of the Texas Constitution provides that an accused has the right to demand the nature and cause of an accusation against him and to have a copy thereof. Procedures set out in Senate Bills 5 and 6 provide for the service of a summons with attached copy of the complaint, indictment, or information, and meet constitutional requirements in this respect.

## QUESTION NO. 4 - NO APPEARANCE MADE BY CORPORATION

You have asked in Question No. 4 whether the Judge or Jury may make a finding of guilt or innocence against a corporation or association if there is no appearance made by a representative in behalf of the corporation or association.

Your question is answered in the affirmative as it applies to a corporation. The representative has the right to be heard and to be confronted by witnesses, but he may waive these rights by failing to appear at the hearing after proper summons served upon the defendant. There is no express constitutional provision that he must be present.

The proposed Senate Bills under review, expressly prohibit the arrest of any individual when the accused is a corporation, hence there can be no bailment with its attendant requirement of appearance. The Code of Criminal Procedure provides for arraignment only in the case of a felony or a misdemeanor punishable by imprisonment.

## QUESTION NO. 5 - DEFENDANT NOT PRESENT THROUGHOUT TRIAL

You have asked in Question No. 5 whether it is necessary, after an appearance is made during trial proceedings, that a corporation or association be present by representative throughout the trial in order for a verdict to be rendered.

Your question is answered in the negative as it applies to a corporation. The representative has the right, under Article I, Section 10 of the Texas Constitution, to be heard and to be confronted by witnesses, but he may waive these rights by failing to appear at the hearing after proper summons served upon the defendant, there being no express constitutional requirement that he be present.

Further, Article 42.14, Vernon's Code of Criminal Procedure, provides that judgment and sentence may be rendered in a misdemeanor case in the absence of the defendant.

### QUESTION NO. 6 - DELEGATION OF POWER TO AN AGENCY

You have asked in Question No. 6 whether S.B. 5 and
S.B. 6 are constitutional, "insofar as they delegate authority
to an administrative agency to define penal standards, rather
than defining such standards by statute."

In our opinion there is no prohibited delegation in-
volved. These bills do not, in fact, purport to delegate
authority to an administrative agency. The penal standard
is defined in the bills themselves in providing that a mis-
demeanor is committed by violating the prohibitions of Sec-
tions 2 or 3, unless done in compliance with a variance.
What the bills actually do is create a misdemeanor offense
and in the same statute provide for an exception to their
application. We have previously cited authority herein to
the effect that the Legislature has the power to do so.

The exceptions created by S.B. 5 and S.B. 6 apply to
the holders of certain variances or permits. A variance or
permit is not authorized by or issued pursuant to S.B. 5 or
S.B. 6. It is authorized by and issued pursuant to the Clean
Air Act of Texas, 1967 (Article 4477-5, Vernon's Civil Sta-
tutes), or the Texas Water Quality Act of 1967 (Article
7621d-1, Vernon's Civil Statutes).

S.B. 5 and S.B. 6 might be said, in effect, to adopt
a portion of another statute by reference, in that the vari-
ance or permit providing the basis of an exception under
those bills is necessarily one issued under the authority
of another statute. Even so, this procedure is valid. See
Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927),
for the holding that, "Statutes which refer to other statutes
and make them applicable to the subject of legislation are
called 'reference statutes', and are a familiar and valid
mode of legislation."

In connection with the distinction that we have made
between providing an exception and delegating authority to
grant a variance, the following language from Harrington v.
Board of Adjustment, 124 S.W.2d 401 (Tex.Civ.App. 1939, error
ref.), is relevant:

> "An exception is not to be confused with a vari-
> ance. While the two words have often been
> treated as synonymous, they are readily dis-
> tinguishable....In the case of a variance, a

literal enforcement of the regulations is dis-
regarded; the conditions permitting an excep-
tion are found in the regulations themselves
and, furthermore, those conditions may not be
altered....Speaking broadly, then, a variance
is authority extended to the owner to use his
property in a manner forbidden by the zoning
enactment. An exception, on the other hand,
allows him to put his property to a use which
the enactment expressly permits. Mitchell
Land Co. v. Planning and Zoning Board, 140
Conn. 527, 102 A2d 316, 318."

QUESTION NO. 7 - VARIANCE AS A DEFENSE UNDER
ARTICLE 695, P.C.

You have asked in Question No. 7 whether a variance
(obtained under S.B. 5 or S.B. 6) would constitute a com-
plete defense to prosecution under Article 695 of the Texas
Penal Code, if S.B. 5, S.B. 6, H.B. 67, and H.B. 69 are all
enacted.

Your question is answered in the affirmative, pro-
vided the act complained of is within the scope of the vari-
ance or permit. Article 695 is quite broad and might cover
acts of another kind.

We answer your Question No. 7, based upon the
authority cited under Article 7, Vernon's Penal Code, at
Note 8, page 18:

"It is a well settled rule in the construc-
tion of statutes, and for the purpose of ar-
riving at the legislative intentions, that
all laws in pari materia, or on the same
subject matter, are to be taken together,
examined and considered as if they were one
law. Cain v. State, 20 T. 355; Napier v.
Hodges, 31 T. 287; Taylor v. State, 3 Cr.
R. 169; Walker v. State, 7 Cr. R. 245;
32 Am. Rep. 595; Bryan v. Sundberg, 5 T.
418; Selman v. Wolfe, 27 T. 68; Hanrick
v. Hanrick, 54 T. 101.

"Where one statute deals with a subject com-
prehensively and another statute deals with
part of the same subject in a more definite
way, the two should be read together if
possible with a view to giving effect to
both, but, under any necessary conflict,
the special act must prevail. Ex parte Town-
send, 64 Cr. R. 350, 144 S.W. 628, Ann. Cas.
1914C, 814."

The assumed situation raises another problem, how-
ever, which we feel we should mention. There is a possi-
bility that if S.B. 5, S.B. 6, and Article 695 are all
passed together, then a conviction could not be had under
any of them. We make that statement on the strength of the
cases hereinafter cited and discussed.

In Moran v. State, 135 Tex.Cr. R. 645, 122 S.W.2d 318
(1938), the court on rehearing reversed a conviction and or-
dered the prosecution dismissed. The defendant was charged
with an act made a violation of the Texas Liquor Control Act
under two different sections, each of which provided a dif-
ferent penalty. The court wrote:

"The offense seems to be sufficiently defined,
but by reason of the different penalties pro-
vided the statute is so indefinite as to be
inoperative under the requirements of Articles
3 and 6, P.C., heretofore quoted."

The Moran court relied on Cooper v. State, 25 Tex.App. 530,
8 S.W. 654 (1888), wherein the court declared:

"If the same acts constitute an offense, though
found in different statutes or articles of the
same code, and these acts are punishable dif-
ferently, we would be inclined to hold that
article 3 of the Code of Criminal Procedure
would be infringed, and that neither could be
enforced for want of certainty of punishment."

The court held to the same effect on rehearing, reported in
26 Tex.App. 575, 10 S.W. 216.

Accord Stevenson v. State, 145 Tex.Crim. 312, 167 S.W.2d
1027 (1943);

Ex parte Vernon T. Sanford, 163 Tex.Crim. 160, 289 S.W.2d
776 (1956).

In Attorney General Opinion No. M-323, it was said that "Although Article 695 does not specifically define air and water pollution as criminal offenses, several Texas Court decisions have indicated that persons who carry on a trade or occupation which causes air or water pollution injurious to the health of persons residing in the vicinity are in violation of Article 695 and subject to a fine," citing Moore v. State, 81 Tex.Crim. 302, 194 S.W. 1112 (1917), Fielder v. State, 150 Tex.Crim. 17, 198 S.W.2d 576 (1947), and Cameron v. State, 389 S.W.2d 471 (Tex. Crim. 1965).

### QUESTION NO. 8 - CONFLICT BETWEEN S.B. 5, S.B. 6 and H.B. 67, H.B. 69 IF ALL ENACTED

You have asked in Question No. 8 whether the enactment of H.B. 67 and H.B. 69 would be in conflict with S.B. 5 and S.B. 6 if all were enacted into law.

We have found no conflict that would affect the application of any of these statutes in appropriate situations. The House bills do not purport to create offenses, but provide definitions and procedures which might be applied under other statutes. The Senate bills purport to create the offense as well as supplying definitions and procedures.

For your consideration we suggest that in certain ways the bills do differ.

H.B. 67 defines "person" more narrowly in that it does not include associations and the entities termed associations under the Senate bills, i.e., partnerships, etc.

H.B. 67 might be said to also define "person" more narrowly in that it includes private corporations only with respect to pollution of air and water, but in fact the Senate bills affect only those matters.

H.B. 69 differs from the Senate bills and also from H.B. 67 in that it defines "corporation" to include private or public corporations.

The bills do differ substantially in procedural provisions, but if the appropriate provisions are followed in prosecuting under a statute for which it is prescribed there would be no conflict in our opinion.

## SUMMARY

Sections 2 and 3 of Senate Bills 5 and 6 are constitutional as they apply to individuals and to private corporations. They are unconstitutional to the extent that they apply to associations, partnerships, firms, trusts, estates, or other legal entities purportedly covered by the bills. The provision in each bill granting unlimited discovery proceedings to the state is unconstitutionally too broad.

Procedures provided in Senate Bills 5 and 6 are adequate to obtain criminal jurisdiction over a corporation, and once jurisdiction is obtained the judge or jury may make a finding of guilt or innocence if there is no appearance made by a representative of the corporation, and may proceed to judgment and sentence in the absence of the defendant.

Senate Bills 5 and 6 do not delegate authority to an agency to define penal standards.

A variance issued under the Clean Air Act of Texas, 1967, would be a defense to prosecution under Article 695 P.C. if the Act complained of is within the scope of the variance. In this opinion we have pointed out also the possibility that a conviction could not be had under Article 695 or under either of the proposed Senate Bills if they are all in effect at the same time.

The enactment of H.B. 67 and H.B. 69 would not be in conflict with S.B. 5

and 6 in a manner that would affect the application of these statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Monroe Clayton
Gilbert Pena
Edward Esquivel
Roger Tyler

W. V. Geppert
Staff Legal Assistant