THE STATE OF TEXAS v. CENTRAL POWER & LIGHT COMPANY.

No. 7851.  Decided April 29, 1942.
(161 S. W., 2d Series, 766.)

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Walter R. Koch, Frederick B. Isley* and *Ocie Speer,* Assistants Attorney General, for plaintiff in error.

The contract in question of a violation of the antitrust statutes and a restriction on the free pursuit of the lawful business of supplying electrical energy to the City of Yorktown. City of Brenham v. Brenham Water Co., 67 Texas 542, 4 S. W. 143; Bartholomew v. City of Austin, 85 Fed. 359; City of Austin v. Nalle, 85 Texas 520, 22 S. W. 668.

Even though the antitrust statute might not apply to a municipal corporation, such immunity does not extend to persons or private corporations dealing with it. United States v. Van Schaick, 134 Fed. 592; Hailey v. Brooks, 191 S. W. 781; 5 R. C. L. 1061.

*Kemp, Lewright, Dyer, Wilson & Sorrell, Frank M. Kemp,* all of Corpus Christi, *Edward Clark* and *Everett L. Looney,* of Austin, for defendant in error.

A municipal corporation, not being a person, firm or corporation or association of persons within the meaning of the antitrust statutes, it cannot be guilty of a violation of the antitrust laws, and plaintiff's petition alleging such violation is subject to general demurrer. State v. Standard Oil Co., 130 Texas 313, 107 S. W. (2d) 550; City of Dallas v. Halford, 210 S. W. 725; State of Texas v. City of El Paso, 135 Texas 359, 143 S. W. (2d) 366.

Mr. Chief Justice Alexander delivered the opinion of the Court.

The State of Texas, by its Attorney General, brought this suit against Central Power & Light Company to recover civil penalties for alleged violation of the anti-trust laws of this State and to restrain the performance of a contract between the defendant company and the City of Yorktown. The city is not a party to the suit. The question to be decided is whether or not the provisions of the contract whereby the city bound itself not to erect a municipal power plant for a period of ten years created a "trust" in violation of Article 7426, Revised Civil Statutes, 1925.

The State alleged in its petition that on April 3, 1936, the

City of Yorktown, by a majority of its citizens, adopted a resolution submitted by its city council authorizing the issuance of revenue bonds for the erection of a municipal light and power plant. This projected municipal plant would have been a competitor of the company's electric power and distribution system in the City of Yorktown. The city had applied to the Federal Emergency Administration of Public Works for a grant to aid in the construction of an electric light and power plant, and its application had been accepted. Thereafter, on October 18, 1937, the city, acting by its mayor and city secretary, entered into a written agreement with the Central Power & Light Company, wherein the foregoing facts were recited, and further providing as follows:

"(1) Company will pay City the sum of Ten Thousand Dollars ($10,000.00) to fully reimburse it for any and all expenditures made and obligations erected (incurred) in connection with its purpose to erect and construct an electric light and power plant and street lighting and distribution systems.

"(2) The City will not issue, sell or offer for sale bonds of the City which the City Council is authorized to issue by the election held on April 3, 1936.

(Paragraph 3 provided that the City would withdraw and cancel its application for Federal aid to construct a power plant.)

"(4) The City has this day entered into a contract with Company for the purchase from Company for a period of ten years from date thereof, of electric energy for municipal water pumping, and said contract shall be fully performed for the entire term thereof.

"(5) Company has this day entered into a contract with the City for the purchase from City of water in the amount of not less than Three Hundred Dollars ($300.00) worth each year for a period of ten years, for use at ice plant located in Yorktown, and Company shall fully perform said contract for the entire term thereof.

"(6) During the period of ten years which the said contracts described in paragraphs (4) and (5) above are in effect, City agrees not to built (build), erect or construct, nor attempt to build, erect or construct, or have built, erected or constructed,

either directly or indirectly, an electric light and power plant and street lighting and distribution system, or either or any of them, nor issue or attempt to issue the bonds authorized by the election held on April 3, 1936, or any other securities of any sort whatever, for the purpose of erecting or constructing an electric light and power plant and street lighting and distribution system, or either of them.

"(7) The City Council of the City of Yorktown shall pass all ordinances and resolutions, either or both, necessary to carry out the intent of this agreement in such form and manner as are satisfactory to counsel for Company."

It is further alleged "that it was the intent and purpose of defendant to set aside the will of the people as expressed in the election authorizing the city to set up a competing electric light and power plant and distributing system, and further to prevent and lessen competition, restrain trade, and block the free channel of business, and the defendant by this contract induced the city to agree to abstain from producing or distributing electric light and motor power during the term of the contract in competition with the defendant, all in violation of Article 7426 through Article 7428, Revised Civil Statutes, 1925."

It was further alleged that said agreement and combination had been carried out so as to actually prevent and lessen competition and to restrain trade and block the channels of normal business in the manufacture, sale, and purchase of electric light and motor power in said city.

The trial court sustained a general demurrer to the State's petition, and, upon the Attorney General's refusal to amend, dismissed the suit. This judgment was affirmed by the Court of Civil Appeals. The allegations of the petition and the provisions of the contract are more fully set out in the opinion of that court. 147 S. W. (2d) 330.

■ The Attorney General contends that the general demurrer should have been overruled because the agreement as alleged in the petition created a "trust" as defined by Article 7426, Revised Civil Statutes, 1925. This statute defines a "trust" as a "combination of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two

or more of them" for the purpose of restricting, preventing, or lessening competition in the manufacture, sale, or purchase of any commodity, or to abstain from engaging in or continuing in any business in this State; and further provides that any agreement made in violation of the Act shall be absolutely void. Further details of the Act are deemed unnecessary in view of the disposition to be made of the case.

We think it very clear that the effect of the acts of the parties in this case was to interfere with and to prevent free trade and competition in the manufacture and sale of electric current.

It is contended by the Light Company that a municipality is not a "corporation" within the meaning of the statute; and, therefore, that a combination between a municipality and a third party does not come within the inhibition of the statute. The statute provides that any such combination by "two or more persons, firms, corporations or associations of persons, or either two or more of them" is a trust, and is in violation of the law. In the opinion of the writer, the terms "two or more persons, firms, corporations or associations of persons, or either two or more of them," are used in the Act, not in a restrictive sense as to the peculiar character of the parties neccessary to such an unlawful combination, but rather as descriptive of the combination that is to be outlawed. It is the opinion of the writer that when the statute is construed as a whole, in the light of the occasion and the necessity for its enactment, the evils to be remedied, and the means adopted, as well as all other circumstances surrounding the adoption of the Act, it is clear that it was the intention of the Legislature to render unlawful all sorts of combinations having a tendency to interfere with a free competitive market, including a combination in restraint of trade between a municipality and a private corporation, such as we here have under consideration.

■ However, it is the opinion of the majority of the Court that a municipal corporation is not such a person, corporation, or association of persons as was contemplated by the Act, and therefore the combination here relied on was not an unlawful one. While there are exceptions, depending on the peculiar wording of the statute under consideration, as a general rule the word "corporation" is construed to apply only to private corporations and does not include municipal corporations, un-

less the statute expressly so provides. 30 Tex. Jur. 14; City of Tyler v. Texas Employers' Ins. Assn. (Com. App.), 288 S. W. 409; Id., 294 S. W. 195; City of Dallas v. Halford, 210 S. W. 725 (writ refused); Wilcox v. City of Idaho Falls, 23 Fed. Supp. 626; City of Webster Groves v. Smith, 340 Mo. 798, 102 S. W. (2d) 618. See 9 Words and Phrases, Perm. Ed., 712 et seq.

■ The statute here under consideration is highly penalizing in its nature. It not only provides that each firm, person, or corporation who shall violate any of its provisions shall, for each day that such violation shall be committed or continued, forfeit and pay a sum of not less than $50.00 nor more than $1,500.00, but further provides that upon the trial of a case the charter of any corporation adjudged guilty of violating any of its provisions may be forfeited, if in the judgment of the court before whom the litigation is pending the public interest requires it; and when such charter is forfeited no other corporation to which the defaulting corporation may have transferred its properties and business, or which has assumed the payment of its obligation, shall be permitted to incorporate or do business in Texas. Revised Civil Statutes, 1925, Arts. 7430, 7432. The same statute is carried in the Penal Code of this State as a criminal statute, and it is there provided that whoever violates any provision of the Act shall be confined in the penitentiary not less than two nor more than ten years. Penal Code, Arts. 1632 to 1635, inclusive. It is thought that if the Legislature had intended to visit such severe penalties on municipalities, it would have used more apt language to describe them. Under these circumstances, it is the opinion of the Court that the Act in question was not intended to include a combination between a municipality and a third party.

The Attorney General contends that the agreement in question created a monopoly within the inhibition of Article I, Section 26, of our Constitution, and is therefore void. If we were to hold that it did create a monopoly, the State would not be entitled to recover the penalties prayed for, because the statute alone authorizes the recovery of penalties; and, for the reasons heretofore indicated, this combination does not come within the terms of the statute. The State would not be entitled to cancellation of the agreement because it was made by the City in part for its benefit, and the City is not a party to this suit. The City would be a necessary party to a suit to cancel an agreement made by it for its own benefit. 17 Tex. Jur. 972; 21

C. J. 258; Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063, par. 11. For this reason we do not deem it necessary for us to here determine whether or not the agreement created a monopoly.

The judgments of the Court of Civil Appeals and of the trial court are affirmed.

Opinion delivered April 29, 1942.