JOHN H. STANLEY V. THE STATE.

No. 22213. Delivered November 4, 1942.

The opinion states the case.

*Bryan, Stone, Wade & Agerton* and *G. W. Parker, Jr.*, all of Fort Worth, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by complaint and information with the offense of transacting business in Taylor County, Texas, under an assumed name, other than his real name, without having theretofore filed in the office of the County Clerk of said county a certificate setting forth the name under which such business was then conducted and the true or real name of the

person conducting the same, etc., which charges a violation of Article 1067, P. C. Upon conviction, his punishment was assessed at a fine of $25.00.

The main question presented by the record, as we see it, is whether or not appellant comes within the purview of said article of the Penal Code. To decide this question, we must look to the evidence to determine the same. The evidence, briefly stated, shows that appellant, John H. Stanley, was employed as manager of the Linen Service Corporation of Texas, doing business in Taylor County, Texas, under the trade name of Fort Worth Linen Service Company; that the Linen Service Corporation of Texas is incorporated under the laws of the Sate of Delaware but has a permit to do business in this State.

Article 1067, P. C., under which this prosecution was initiated and the conviction of appellant secured reads as follows:

"No person or persons shall carry on or conduct or transact business in this State under any assumed name or under any designation, name, style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business unless such person or persons shall file in the office of the county clerk of the county or counties in which such person or persons conduct, or transact or intend to conduct or transact such business, a certificate setting forth the name under which such business is or is to be conducted or transacted and the true or real full name or names of the person or persons conducting or transacting the same, with the post-office address or the addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting or intending to conduct said business in the manner now provided for acknowledgment of conveyance of real estate."

It will be noted that the statute prohibits a person or persons from transacting business under an assumed name, style, corporate or otherwise, but it fails to include therein corporations; and since this is a penal statute, it cannot, by judicial construction be extended so as to include corporations. It must be strictly construed. However, Art. 1069, P. C., reads as follows:

"The preceding articles shall in no way apply to any corporation duly organized under the laws of this State or to any corporation organized under the laws of any other State and lawfully doing business in this State."

This convinces us that the Legislature did not intend to apply the statute to corporations but merely to natural persons.

From what we have said it follows that the evidence fails to bring appellant within the purview of the statute and is wholly insufficient to sustain the conviction.

Therefore, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.