Dave **THOMPSON**, Appellant,

v.

**STAUFFER CHEMICAL COMPANY, CON-SOLIDATED CHEMICAL INDUSTRIES DIVISION, Appellee.**

No. 3870.

Court of Civil Appeals of Texas.

Waco.

June 29, 1961.

Rehearing Denied July 17, 1961.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Howell Stone, Asst. Dist. Attys., Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Finis Cowan, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the District Court, holding a Justice Court judgment void, and enjoining the Justice of the Peace from issuing execution thereon.

The defendant herein, Justice of the Peace Thompson, Precinct 2, Harris County, Texas, accepted a criminal complaint that "Consolidated Chemical Industries, Inc., Division of Stauffer Chemical Company" (which we will hereafter refer to as the Corporation), permitted fumes and gases detrimental to health to escape its premises in violation of Article 695 of the Vernon's Ann. Penal Code of Texas. (Such Article defines a misdemeanor offense punishable by fine not to exceed $100 upon conviction). Judge Thompson thereafter issued a civil citation attaching a copy of the complaint, and the Constable executed such citation by delivering it to E. S. Rothrock, Vice President and General Manager of the Corporation. Such citation set the criminal complaint for hearing for the 1st Monday following the expiration of 10 days from the date citation was served on Mr. Rothrock. The Corporation was never present, nor appeared

in, and was never brought before Justice Court, Precinct 2.

On the date set for the hearing the District Attorney's office introduced sufficient evidence to make out a prima facie case, and Justice of the Peace Thompson entered a judgment which recited that the Corporation *"appeared in absentia"*, * * * "Whereupon the court after hearing the complaint read and considering the pleadings and evidence herein, found defendant guilty as charged and assessed its penalty at $100."

It is stipulated that Judge Thompson intended to issue execution upon the foregoing judgment unless enjoined or restrained from so doing, and cause his Constable to levy on and sell property belonging to the Corporation to satisfy such judgment.

Plaintiff herein, Stauffer Corporation, then filed the instant suit seeking a restraining order and temporary injunction, enjoining Judge Thompson from issuing the execution, on the ground that the judgment was void. The Trial Court, after hearing at which the record as recited herein was undisputed, found that Judge Thompson as a matter of law, did not have authority to compel the attendance of the Stauffer Corporation in a criminal hearing, by issuing the civil citation, and causing it to be served upon the agent for civil process of the Corporation, and further found that the Corporation did not appear in the proceeding; and that the judgment entered was void. The Trial Court enjoined Judge Thompson from issuing execution on the judgment. (The parties agreed that permanent as well as temporary injunction might be entered).

Judge Thompson appeals, contending:

1) In the absence of specific provisions in the Code of Criminal Procedure for serving criminal process on a corporation, a citation accompanied by a copy of the complaint served on the agent for civil process is sufficient.

2) The Trial Court erred in holding the judgment of conviction void.

3) The Trial Court erred in enjoining Judge Thompson from issuing execution.

4) The Corporation cannot attack the judgment of its conviction by collateral attack, when it failed to avail itself of the legal remedy of appeal to the County Court.

Title 11 of the Code of Criminal Procedure sets out the exact procedures by which a criminal action is instituted and carried to completion in the Justice Court. The provisions of this Title were not followed in the instant case, and appellant concedes in its brief that the Code of Criminal Procedure does not specifically provide for, nor does it provide a means and method of serving criminal process on a corporation, in order to obtain jurisdiction of the corporation in a criminal case. Appellant further concedes that the prosecution has not followed a well marked trail of jurisprudence in this State, but contends that the method used was legally sound, and should be approved by this court and thereby render legislative action unnecessary to provide procedure to institute and try a corporation for a misdemeanor criminal offense.

It is our view that the matters of which *appellant complains are matters* which the Legislature will have to afford relief for, if any relief be afforded. There is no procedure in the Code of Criminal Procedure whereby a corporation as such, can be prosecuted for misdemeanor in Texas, and we cannot give our approval to the method employed. The Corporation was never arrested; nor entered an appearance; was tried and convicted "in absentia"; and we think that such Justice of Peace Court judgment of conviction was void. Such being the case. The Trial Court herein had the duty to enjoin Judge Thompson from issuing execution thereon. Maier v. Davis, Tex.Civ.App., 72 S.W.2d 308; Cotton v. Rea, 106 Tex. 220, 163 S.W. 2, 4. In the Cotton case supra, the Court said:

" * * * if the judgment was a nullity as affirmatively disclosed by the record, it was subject to such collateral attack in any competent court otherwise vested with jurisdiction of the immediate action in which it might be challenged; * * *"

Appellant has further urged that the Trial Court held that a corporation may not be charged and convicted of a violation of a criminal statute. The Trial Court did not so hold. Nevertheless, Judge Lynch International Book & Pub. Co. v. State, 84 Tex.Cr.R. 459, 208 S.W. 526, and Overt v. State, 97 Tex.Cr.R. 202, 260 S.W. 856, by our Court of Criminal Appeals, both hold that there is no provision whereby a corporation may be indicted or tried for violation of a criminal statute.

All of appellant's points and contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.