CITY OF CORPUS CHRISTI, Appellant,

v.

ATLANTIC MILLS SERVICING COR-
PORATION OF FORT WORTH,
Texas, Appellee.

No. 14091.

Court of Civil Appeals of Texas.

San Antonio.

May 1, 1963.

Rehearing Denied May 29, 1963.

I. M. Singer, City Atty., J. F. Park, Asst. City Atty., Corpus Christi, for appellant.

Bloch & Walton, Corpus Christi, for appellee.

BARROW, Justice.

The City of Corpus Christi filed suit to enjoin the Atlantic Mills Servicing Corporation of Fort Worth, Texas, from operating its mercantile business in violation of Article 286a, Vernon's Ann.Penal Code. The trial court sustained appellee's plea in abatement and upon the City's refusal to amend dismissed the suit.

This case involves a construction of Acts 1961, 57th Leg., 1st C.S., page 38, Chapter 15, which has been codified as Art. 286a V.A.P.C. This Act provides substantially that: "Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing * * * or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense." Sec. 2, exempts sales for charitable, funeral or burial purposes. Sec. 3, provides a punishment for violation of the Act. Sec. 4 provides:

"The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings."

The other sections of the Act are not pertinent to the plea in abatement.

█ The question presented on this appeal is whether the City is a "person" within the meaning of Sec. 4 of the Act. The trial court held that it was not a proper party to bring this suit. The Penal Code provides that whenever any property or interest is intended to be protected and the term "person" is used to designate the party whose property it is intended to protect, the term includes the property of the State and of all public or private corporations. Art. 22, V.A.P.C. On the other hand, if the use of the term "person" identifies the party against whom a violation is charged, it is strictly construed. State v. Central Power & Light Co., 139 Tex. 51, 161 S.W.2d 766; Stanley v. State, 145 Tex.Cr.R. 32, 165 S.W.2d 456. It is seen that the use of the word "person" in this section relates to the party whose interest is to be protected as distinguished from one against whom a criminal violation is charged.

█ The remedy given by Sec. 4 of Art. 286a, to-wit, an injunction, is one authorized under the civil statutes and the Act expressly provides that the proceedings shall be guided by the rules of other injunction proceedings. There is a distinction between the enforcement of a statute by civil proceedings and that of charging a defendant with violation of a criminal law. Art. 23, Vernon's Ann.Civ.Stats., provides that unless a different meaning is apparent from the context of an Act, the word "person" includes a corporation. It has been held under this definition that a municipal corporation is included by the word "person". City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662; City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226. See also: Ginther v. Southwest Workover Co., Tex.Civ.App., 286 S.W.2d 291; Martin v. State, 24 Tex. 61, 62; Jones v. State, Tex.Civ.App., 81 S.W. 1010, 1011.

█ We do not see anything in this Act to indicate an intention that a municipal corporation is not to be included in the term "person" as one authorized to apply for an injunction. A home rule city, such as appellant, has the authority to bring an action for injunction to abate a public nuisance within its corporate limits. McKee v. City of Mt. Pleasant, Tex.Civ.App., 328 S.W.2d 224. The City's petition alleged that the violation of the Act by appellee constituted a public nuisance. The City is a proper party to bring this action and the trial court erred in sustaining appellee's plea in abatement.

█ The City urges that the plea in abatement was actually heard as a plea in bar and that this Court should reverse and render the case. We overrule this contention. It is clear from the judgment, as well as the entire record, that the trial court considered only the plea in abatement. The parties announced ready on "the plea in abatement" and appellee reserved the right to present its special exceptions. The judgment provides:

"It is therefore ORDERED, ADJUDGED, AND DECREED by the Court that Defendant's Plea in Abatement be and is hereby in all things sustained; the Plaintiff declining to amend its pleadings, it is the further ORDER of this Court that the Plaintiff's Original Petition be and it is hereby dismissed."

The judgment is reversed and the cause remanded.