**RALPH WILLIAMS GULFGATE CHRYSLER PLYMOUTH, INC., Appellant,**

v.

**The STATE of Texas and City of Houston, Texas, Appellees.**

**No. 457.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 7, 1971.

Rehearing Denied April 28, 1971.

C. O. Ryan of Kelley, Ryan & Merrill, Firmin A. Hickey, Jr., Houston, for appellant.

Carol S. Vance, Neil McKay, James C. Brough, William A. Olson, Wayne H. Paris, Houston, for appellees.

TUNKS, Chief Justice.

The State of Texas and the City of Houston filed suit in the District Court of Harris County against Ralph Williams Gulfgate Chrysler Plymouth, Inc., seeking temporary and permanent injunctions to enjoin the defendant from selling automobiles at its premises in Houston, Texas, on both of two consecutive days of Saturday and Sunday. The injunctions were alleged to be authorized by the terms of Art. 286a, Vernon's Ann.T.P.C., enacted in 1961. The temporary injunction was granted and the judgment so granting it was affirmed by the Court of Civil Appeals for the First Supreme Judicial District, Ralph Williams Gulfgate Chrysler Plymouth v. State, 451 S.W.2d 267, n. r. e. Subsequently, the trial court rendered judgment granting the permanent injunction. This is an appeal from that judgment.

The case was submitted to the trial court upon stipulated facts. It was stipulated that motor vehicles had been sold on consecutive days of Saturday and Sunday on the premises of the defendant by its employees acting in the usual course and scope of their employment. Different employees of defendant worked on Saturday from those who worked on the following Sunday so that no one employee offered for sale or sold motor vehicles on both of two consecutive days of Saturday and Sunday. The exceptions provided in Sec. 2 of Art. 286a were negated. It was also stipulated that unless restrained by the court defendant intends to operate its business in the future in the manner stipulated as to its past operations. The opinion of the First Court of Civil Appeals on appeal from the temporary injunction, referred to above, shows that the temporary injunction was tried on substantially the same stipulated facts.

Appellant's points of error on this appeal are to the effect: first, the appellant, being a corporation, is not a "person" within the meaning of Sec. 1 of Art. 286a and thus could not have been in violation of the act so as to be subject to injunction under Sec. 4; second, there was no proof of "the normal requisites for the issuance of an injunction;" third, injunction deprives appellant of its rights under the 14th Amendment of the Constitution of the United States. The language of the opinion of the First Court of Civil Appeals in the appeal from the temporary injunction shows that the same points of error were presented there. In fact, we have examined the appellant's points of error on the appeal from the temporary injunction and they are in almost the same language as those presented in this appeal.

It is apparent that the same questions of law presented by this appeal have already been presented in this same case and have been decided adversely to appellant. The rulings made upon those questions heretofore given by the First Court of Civil Appeals are controlling on this appeal. They are the law of the case. This is true despite the fact that the former appeal was from a temporary injunction and this is from a permanent injunction. In

the former appeal those same questions of law applicable to the same fact situation were decided. In support of this holding are the following cases: Furr's, Inc. v. United Specialty Advertising Company, Tex.Civ.App., 385 S.W.2d 456, n. r. e., certiorari denied, 382 U.S. 824, 86 S.Ct. 59, 15 L.Ed.2d 71; Texaco Inc. v. Parker, Tex. Civ.App., 373 S.W.2d 870, ref., n. r. e.; Wilson v. Abilene Independent School Dist., Tex.Civ.App., 204 S.W.2d 407, ref., n. r. e.

Article 286a, Sec. 1, provides that "any person" who sells certain items, including motor vehicles on "both the two (2) consecutive days of Saturday and Sunday" shall be guilty of a misdemeanor. Sec. 3 of the act provides for punishment of a first offense by a fine and punishment for subsequent offenses by fine and/or imprisonment. Sec. 4 provides that the operation of a business "whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance" and provides for an injunction restraining "such violation." Appellant's argument in support of its first point of error is that a corporation is not a "person" within the meaning of Sec. 1 where the offense is defined so that its operation of its business is neither "contrary" to the act nor a "violation" of it. Appellant cites as authority for its proposition that a corporation is not a person within the meaning of Sec. 1: Judge Lynch International Book & Publishing Co. v. State, 84 Tex.Cr.R. 459, 208 S.W. 526; Overt v. State, 97 Tex.Cr.R. 202, 260 S.W. 856; Stanley v. State, 145 Tex.Cr.R. 32, 165 S.W.2d 456; City of Corpus Christi v. Atlantic Mills Servicing Corp., Tex.Civ.App., 368 S.W.2d 640, n. r. e.; Thompson v. Stauffer Chemical Co., Tex.Civ.App., 348 S.W.2d 274, n. r. e.

In the Judge Lynch case the Court said: " * * * There is no provision of law in this state under which a firm or corporation can be indicted or tried under the criminal laws, * * * "

In the Overt case, 260 S.W. at p. 859, the Court said: " * * * Corporations, companies, firms, copartnerships, joint-stock companies, or associations could not as such be prosecuted as criminals and could not be brought in person before the courts; * * * "

In the Stanley case it was held that a statute making it unlawful for a person to carry on a business under an assumed name without a proper filing under the assumed name record did not apply to corporations. There was, however, a statutory recitation that the statute did not apply to any corporation. The Court there said: "This convinces us that the Legislature did not intend to apply the statute to corporations but merely to natural persons."

In City of Corpus Christi v. Atlantic Mills Servicing Corporation of Fort Worth, the Court held that a city was a person within the meaning of Sec. 4 of Art. 286a wherein it is said that a person may apply for an injunction. The Court said, however, 368 S.W.2d at p. 642, "On the other hand, if the use of the word 'person' identifies the party against whom a violation is charged, it is strictly construed."

In the Thompson case, a corporation was convicted by a justice court judgment of violating the then Art. 695, V.A.P.C., after one of its officers had been served by a civil citation. The Court said, 348 S.W.2d at p. 275, "There is no procedure in the Code of Criminal Procedure whereby a corporation as such, can be prosecuted for a misdemeanor in Texas, and we cannot give our approval to the method employed."

Those cases do not hold that a corporation may not be a "person" within the meaning of that word as used in a criminal statute if the legislative intent to that effect is clear. Nor do those cases hold that a corporation may not commit a crime. They, rather, hold that the existing provisions as to criminal procedures in Texas made it impossible to impose the criminal penalties there involved on corporations.

**642**

The legislature may intend that the word "person" as used in a statute include a corporation. See Art. 22, V.A.P.C., and Art. 23, Vernon's Ann.T.S. It could hardly be said that the words "persons" and "person" as used in Art. 1, Sec. 17 of the Constitution of the State of Texas, Vernon's Ann. St., do not include corporations. In this very case the corporate appellant is contending that it is being deprived of rights guaranteed to it by the 14th Amendment to the Constitution of the United States. The rights guaranteed by that Amendment are a guarantee to "persons" or a "person." The word "person" as used in Sec. 1 of Art. 286a includes a corporation insofar as Sec. 4 of that statute provides for an injunction to prevent its violation. See Hamilton, Corporate Criminal Liability in Texas, 47 Tex.L.Rev. 60.

Sec. 4, declaring operation of a business in violation of the act to be a public nuisance and providing for injunction, against such nuisance, provides that proceedings for injunction "shall be guided by the rules of other injunction proceedings." Appellant argues under its second point of error that this language makes the doctrines of adequate remedy at law or irreparable injury and balance of equities applicable to proceedings under the statute and that in this case there was no evidence on these matters.

 The purpose of the quoted language was to make applicable civil proceedings for the enforcement of the statute as against partnerships and corporations, as well as individuals, and to avoid the impediments to criminal enforcement against such entities. The equitable doctrines invoked by appellant are not applicable to cases where the act to be enjoined is by statute expressly made unlawful and a public nuisance. City of Corpus Christi v. Lone Star Fish & Oyster Co., Tex.Civ. App., 335 S.W.2d 621, n. w. h.; Ford v. State, Tex.Civ.App., 209 S.W. 490, n. w. h.; Vol. 31, Tex.Jur.2d, Injunctions, Sec. 41, p. 100; Vol. 13, Mitchell & Gilbert, Texas Methods of Practice, Sec. 3222, p. 551 and see 3223, 554. Appellant's second point of error is overruled.

In its third point of error appellant contends that Art. 286a, if construed to prevent the method followed by it in the operation of its business, is unconstitutional as depriving it of equal protection and due process guaranteed by the 14th Amendment to the Constitution of the United States. We believe that that question has been foreclosed by State v. Spartan's Industries, Inc. (Tex.Sup.Ct.), 447 S.W.2d 407, and by the ruling of the First Court of Civil Appeals on the former appeal in this case. The point of error is overruled.

Affirmed.