

# THE ATTORNEY GENERAL
## OF TEXAS

June 21, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Charles Brack
Chambers County Attorney
Mills, Shirley, Eckel
  & Bassett
P. O. Box 1943
Galveston, Texas   77553

Opinion No. JM-1062

Re: Applicability to governmental bodies of V.T.C.S. article 1436c, relating to the safety of individuals who work in proximity to high voltage electrical lines (RQ-1718)

Dear Mr. Brack:

Article 1436c, V.T.C.S., provides that "no person, firm, corporation, or association" shall, without having taken specified safety precautions, perform activities, erect structures, or handle or store various items within a stated proximity to high voltage overhead lines, or operate certain equipment. Section 7 of the article provides:

> (a) Every person, firm, corporation, or association and every agent or employee of such person, firm, corporation, or association who violates any of the provisions of this Act shall be fined not less than $100, nor more than $1,000 or confined in jail for not more than one year or both.

> (b) If a violation of this Act results in physical or electrical contact with any high voltage overhead line, the person, firm, corporation, or association violating the provisions of this Act shall be liable to the owner or operator of such high voltage line for all damage to such facilities and for all liability incurred by such owner or operator as a result of any such contact.

We understand you to ask whether article 1436c is applicable to counties so as to operate as a waiver of the county's governmental immunity for purposes of county liability under section 7. We conclude that a county is not a "person, firm, corporation, or association" within the meaning of

article 1436c and thus that a county is not subject to liability under the provisions of that article.

The Texas Supreme Court in State v. Central Power & Light Co., 161 S.W.2d 766, 767 (Tex. 1942) concluded that the language in the former antitrust statute, V.T.C.S. article 7426, defining a "trust" as "a combination of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two or more of them" for specified purposes, did not include municipal corporations. Noting that the statute was penal in nature, the court opined that "if the Legislature had intended to visit such severe penalties on municipalities, it would have used more apt language to describe them." Id. at 768.[1] See also City of Houston v. Renault, Inc., 431 S.W.2d 322 (Tex. 1968) ("statute making it unlawful for any person, firm or private corporation to divert natural flow of surface waters or to impound same in such manner as to damage property of another does not apply to municipal corporations"); City of Corpus Christi v. Atlantic Mills Servicing Corp., 368 S.W.2d 640 (Tex. Civ. App. - San Antonio 1963, writ ref'd n.r.e.) ("if the term 'person' is used to designate the party whose property is intended to be protected, the term includes all public or private corporations; if it identifies the party against whom a violation is charged, it is 'strictly construed'"). But see Gates v. City of Dallas, 704 S.W.2d 737 (Tex. 1986) (discerning legislative intent to make provision for attorneys fees after delayed payment of valid claim against "corporation" based on written contract applicable to municipal corporations).

A provision of the Code Construction Act, Government Code section 311.005, provides that the word "person" includes "government or governmental subdivision or agency" unless the context requires a different definition. The Code Construction Act, however, does not apply to the construction of civil statutes. Gov't Code § 311.002. Section 312.011 of the Government Code applies, per section

---

1. Article 7426 was repealed in 1967 by the act which adopted the Business and Commerce Code. Acts 1967, 60th Leg., ch. 785, at 2343. See now Bus. & Com. Code §§ 15.01 et seq. As amended in 1983, sections 15.03 and 15.10 now specifically define "person" as including municipal corporations. Acts 1983, 68th Leg., ch. 519, § 1, at 3010.

312.001, to the construction of civil statutes such as article 1436c. Section 312.011 provides simply that the word "person" in such statutes "includes a corporation."

Notably, a county's status as a political entity has been characterized by the courts as being, in contrast to that of a municipal corporation, that of a "quasi-corporation." See, e.g., City of Sherman v. Shobe, 58 S.W. 949 (Tex. 1900); Heigel v. Wichita Co., 19 S.W. 562 (Tex. 1892). We do not think that the legislature would have intended to include counties as being subject to liability under article 1436c by use of the term "corporation."

Nor do we think that the provisions of section 2 of article 1436c indicate that the legislature intended the article to apply to counties. Section 2 provides that the statute does not apply to the "construction, reconstruction, operation, or maintenance" of certain electrical or communication circuits, and associated systems, by an "authorized person." Section 1(3)(B) defines "authorized person" to include "employees of . . . state and county or municipal agencies having authorized circuit construction on the poles or the structures of" a power company, cooperative, city, or transportation or communication system. We do not think that this exemption of certain county employees implies that counties, even though not specifically exempted, are liable under the statute. On its face the article indicates that directives as to safety measures and provisions for liability apply only to a "person, firm, corporation, or association." We discern no legislative intent that the language "person, firm, corporation, or association" includes counties. We do not think that a county is a "person, firm, corporation, or association" within the meaning of the article 1436c.

Please note, however, that we do not intend to say that counties may not, on the appropriate facts, be held liable for damages arising from county activities in connection with high voltage electric lines. The Texas Tort Claims Act specifically defines "governmental units" to include counties. Civ. Prac. & Rem. Code § 101.001(2)(B). Section 101.021 provides that a governmental unit is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

        (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

        (B) the employee would be personally liable to the claimant according to Texas law; and

    (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Whether any particular county activities giving rise to damages fall within the scope of the provisions of the Tort Claims Act would ultimately, of course, involve questions of fact which we in the opinion process cannot resolve.

## S U M M A R Y

A county is not a "person, firm, corporation, or association" within the meaning of V.T.C.S. article 1436c and is thus not subject to liability under the provisions of section 7 of that article.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General