Dear Representative Easley,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following question:
Is a school district a "corporation," such that it fallswithin the licensing exemption for corporations, as provided inthe Electrical License Act, 59 O.S. 1692(B)(2) (1989)?
¶ 1 Title 59 O.S. 1692 (1989) provides in part:
 B. Nothing in the Electrical License Act shall be construed to require:
* * *
 2. Any regular employee of any firm or corporation to hold a license before doing any electrical work on the property of the firm or corporation whether or not the property is owned, leased or rented except as may be required by local ordinances and resolutions[.]
¶ 2 It is clear that the legislature, in 59 O.S. 1692(B)(2), has allowed private firms and corporations to use their own employees, who may not hold an appropriate license, to perform certain electrical tasks without first obtaining an electrician's license.
¶ 3 Title 70 O.S. 5-105 (1981) provides in pertinent part:
 Every school district shall be a body corporate and shall possess the usual powers of a corporation for public purposes by the name and style of "Independent (or Dependent . . .) . . . and in that name may sue and be sued and be capable of contracting and being contracted with and holding such real and personal estate as it may come into possession of or by will or otherwise and as authorized by law.
(Emphasis added).
¶ 4 While no Oklahoma case law has been decided on this point, a majority of those jurisdictions that have considered the question hold that there exists a great distinction between a school district which exists as a "body corporate" and a private business corporation. In City of St. Petersburg v. Carter,39 S.2d 804 (Fla. 1949), the Supreme Court of Florida held that a municipally owed and operated street railway system does not fall under the jurisdiction of the Florida Railroad and Public Utilities Commission based on the statutory language defining "railroad corporations." The Court stated, as a general rule, that the word "corporations" does not include municipal corporations unless they are expressly included by apt words or there is a clear and unmistakable intention that they should be included. Further, in State v. Central Power and Light Co.,161 S.W. 2d 766 (Tex. 1942), the Attorney General of Texas brought a suit to determine whether the provisions of a contract, whereby the city bound itself not to erect a municipal power plant for a period of ten years, created a "trust" in violation of State anti-trust laws. The Supreme Court of Texas ruled that a municipal corporation is not such a person, corporation, or association of persons as was contemplated by the act. Generally the word "corporation" as used in a statute does not include municipal corporations unless the statute expressly so provides. We believe that the Oklahoma courts would follow the majority views outlined above and hold that there exists such a distinction.
¶ 5 It becomes clear when considering the legislative purpose and evils to be avoided by this statute, AMF Tubescope Co. v.Hatchel, 547 P.2d 374 (Okla. 1976), that school districts were not to be included within the purview of the exemption set out in59 O.S. 1692(B)(2). The purpose of the Electrical License Act is to provide for the public safety and welfare by making sure those performing electrical tasks and functions are sufficiently trained and skilled. Obviously, a school is a place where the public's concern for the safety and welfare of its children is very high.
¶ 6 Consequently, the most plausible inference is that the legislature did not intend school districts, acting as municipal or quasi-municipal corporations, to be included within the purview of the licensing exemption for corporations, carved out in 59 O.S. 1692(B)(2) of the Electrical License Act.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that a school district is not a "corporation," such thatit falls within the purview of the licensing exemption forcorporations, as provided in the Electrical License Act, 59O.S. 1692(B)(2) (1989).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL