**GULF STATES UTILITIES COMPANY, Appellant,**

v.

**COUNTY OF CHAMBERS and Chambers County Engineering Department, Road & Bridge Division, Appellees.**

No. 09–94–256 CV.

Court of Appeals of Texas, Beaumont.

Dec. 7, 1995.

Rehearing Overruled Jan. 4, 1996.

---

889

Michael J. Truncale, Orgain, Bell & Tucker, Beaumont, for appellant.

Carla Cotropia, Scott Lyford, Mills, Shirley, Eckel & Bassett, Galveston, for appellees.

Before HILL, Acting C.J., and BURGESS and STOVER, JJ.

## OPINION

HILL, Acting Chief Justice.[1]

Gulf States Utilities appeals from a take-nothing judgment following a trial before the court. Two employees of the appellees Chambers County and Chambers County Engineering Department, Road and Bridge Division, brought suit after they were injured when a flagpole that they were erecting came in contact with electrical power lines owned by Gulf States. Gulf States sought indemnity from the appellees for the amount of its liability to the injured workers, based upon the provisions of former article 1436c. TEX. REV.CIV.STAT.ANN. art. 1436c (Vernon 1980), now codified as TEX.HEALTH & SAFETY CODE

ANN. §§ 752.001 et seq. (Vernon 1992 & Supp.1995). Gulf States contends in three points of error that those statutory provisions, which require any "person, firm, corporation, or association" to take certain precautions when undertaking such work close to electrical power lines are applicable to counties and their departments so that they are entitled to indemnity from the appellees.

We reverse and render judgment for Gulf States because the statute in question is applicable to counties.

 As we have previously noted, Gulf States contends in points of error numbers one, two, and three that the trial court erred in determining that the statutory provisions in question are not applicable to counties. The legal concept of sovereign immunity is applicable to counties. *Hopper v. Midland County,* 500 S.W.2d 552, 554 (Tex.Civ.App.— El Paso 1973, writ ref'd n.r.e.). In order for the legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *Duhart v. State,* 610 S.W.2d 740 (Tex.1980).

The statute applies to persons, firms, corporations or associations. TEX.REV.CIV.STAT. ANN. art. 1436c, § 7(b) (Vernon 1980), now codified as TEX.HEALTH & SAFETY CODE ANN. § 752.008 (Vernon 1992). Courts have reached different conclusions as to whether those terms include a political subdivision such as a county. *See State v. Central Power & Light Co.,* 139 Tex. 51, 161 S.W.2d 766, 768 (1942) ("While there are exceptions, depending on the peculiar wording of the statute under consideration, as a general rule the word 'corporation' is construed to apply only to private corporations and does not include municipal corporations, unless the statute expressly so provides"); *Messer v. County of Refugio,* 435 S.W.2d 220, 224 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.) (a county is not a person, firm, or private corporation within the meaning of article 7589a prohibiting any person, firm, or private corporation from diverting the natural flow of surface waters in such a manner as to damage the property of another); and *Harris*

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

County v. Dowlearn, 489 S.W.2d 140, 145 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.)[2] (a municipality, county, or other government agency created and controlled by a state is not a "person" entitled to equal protection of the laws as against the State). In contrast, see City of Corpus Christi v. Atlantic Mills Servicing Corp. of Fort Worth, 368 S.W.2d 640, 642 (Tex.Civ. App.—San Antonio 1963, writ ref'd n.r.e.) (a "person" includes a municipal corporation pursuant to a statute authorizing any "person" to apply to a court for an injunction restraining violations of the former statute often referred to as the Sunday Closing Law); and Wickersham Ford, Inc. v. Orange County, 701 S.W.2d 344, 348 (Tex.App.— Beaumont 1985, no writ) (an agency or subdivision of the State may be a person within the meaning of former article 2226, the attorney's fee statute). See also Base–Seal, Inc. v. Jefferson County, 901 S.W.2d 783, 786 (Tex.App.—Beaumont 1995, writ denied) (a county is neither an individual nor a corporation within the meaning of Section 38.001 of the Texas Civil Practice and Remedies Code and is therefore not liable for attorney's fees under that statute).

■ Based upon these various interpretations, at first glance it would appear that it would be ambiguous as to whether the statute applied to a governmental subdivision such as a county. However, it has been held that an exception makes plain the intent that a statute should apply in all cases not excepted. Federal Crude Oil Co. v. Yount–Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56, 60 (1932); Royer v. Ritter, 531 S.W.2d 448, 449 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r.e.). The statute exempts from its application certain county employees involved in certain activities that are not involved in this case. TEX.REV.CIV.STAT.ANN. art. 1436c, § 1(3)(B) (Vernon 1980), now codified as TEX.HEALTH & SAFETY CODE ANN. § 752.002(b)(4) (Vernon 1992). Inasmuch as the exemption of certain county employees makes plain the legislature's intention that the statute is meant to apply to county employees in those cases not exempted, we conclude that the statute is not ambiguous with respect to its application to counties. We sustain points of error numbers one, two, and three.

We reverse and render judgment for Gulf States against Chambers County and Chambers County Engineering Department, Road and Bridge Division, in the amount of $56,000 at the legal rate of interest until paid, with costs of court charged to the appellees.

REVERSED AND RENDERED.

**2.** Dowlearn was overruled on other grounds in State Dept. of Highways & Public Transportation v. Payne, 838 S.W.2d 235 (Tex.1992).