Mr. William Treacy Executive Director Texas State Board of Public Accountancy
333 Guadalupe, Tower III Suite 900 Austin, Texas 78701-3900
Re: Application of the fee exemption for certain certified public accountants who are employees of governmental entities (RQ-0881-GA)
Dear Mr. Treacy:
Sections 901.406 and 901.407 of the Texas Public Accountancy Act (the "TPAA") impose professional fees on license holders. . See TEX. OCC. CODE ANN. §§ 901.406-.407 (West 2004); see also id. § 901.001 (setting out short title for Occupations Code chapter 901). Subsection 901.410(1) exempts certain license holders from those fees:
 The fee increase imposed under Section 901.406 and the additional fee imposed under Section 901.407 do not apply to a license holder who is:
 (1) an employee of the federal government, the government of another state, or a municipal or county government of this state and who is restricted by virtue of that employment from engaging in the practice of public accountancy outside the scope of employment;. . . .
Id. § 901.410(1) (West Supp. 2010) (emphasis added).
You ask whether employees of the Brazos River Authority (the "River Authority"), who otherwise meet the statutory requirements of the TPAA, fall within the subsection 901.410(1) exemption.[1] You tell us that the River Authority's enabling legislation provides that "it is `a river authority, a governmental agency, a municipality . . ., and a body politic and corporate'" but that the River Authority "is not a municipality in the traditional sense as other cities in the state." Request *Page 2 
Letter at 2 (quoting Special District Local Laws section 8502.001(a));see also TEX. SPEC. DIST. CODE ANN. § 8502.001(d) (West 2010) ("The [Authority may exercise all the rights and powers of . . . a municipality. . . .").
Your observation regarding cities may be valid insofar as "cities" are regarded as municipalities within the meaning of the Local Government Code. See TEX. Loc. GOV'T CODE ANN. § 1.005(3) (West 2008) (defining "municipality" for the purposes of the Local Government Code as "a general-law municipality, home-rule municipality, or special-law municipality" as respectively designated by chapter 5 of the Local Government Code). Indeed, there is nothing in the enabling legislation that creates the River Authority to suggest the Legislature intended to confer the powers of such a defined municipality, i.e., a city. And, just as surely, while the Legislature recognizes the River Authority's corporate existence, such a designation does not by itself confer the narrower defined powers of a private corporation. See, e.g., State v.Cent. Power Light, 161 S.W.2d 766, 768 (Tex. 1942).
The question of whether the River Authority is a "municipal government" for purposes of the TPAA, therefore, does not depend upon the River Authority's status as a city under the Local Government Code. Rather, the River Authority's status as a "municipality" vel non for purposes of the TPAA turns on the Legislature's intended meaning in that Act. Chapter 901 does not attempt to define the phrase "municipal government." Texas statutes and courts have used the phrase interchangeably with the term "municipality,"[2] and the term "municipality" is defined differently in various contexts. Courts have observed that the meaning of the term "municipality" in common usage is broad enough to encompass even the State itself, though it typically refers to its political subdivisions.See Welch v. State, 148 S.W.2d 876,879 (Tex. App.-Dallas 1941, writ refd). "The legislature is authorized to create municipal corporations other than those set out in the Constitution, such as counties, . . . school districts, [and other entities]." State ex rel. Grimes Cnty.Taxpayers Ass `n v. Tex. Mun. Power Agency, 565 S.W.2d 258,270 (Tex. Civ. App.-Houston [1st Dist.] 1978, writ dism'd) (citing Davis v. City ofLubbock, 326 S.W.2d 699, 710 (Tex. 1959)).
In this case, there is little room for debate concerning the River Authority's status as a "municipal" government of the State within the contemplation of the TPAA, because the Legislature has expressly designated the River Authority as a "municipality" in its enabling legislation. See City of Rockwall v. Hughes, 246 S.W.3d 621,625 (Tex. 2008) ("In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute."). Accordingly, we need not look to, or plumb the depths of, the common meaning of the phrase "municipal government" beyond recognizing its common meaning and the Legislature's use of it to describe the River Authority at issue here. Cf. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433,437 (Tex. 2009) (explaining that "[w]e do not look to the ordinary, or commonly understood, meaning of the term [when] the Legislature has supplied its own definition, which we are bound to follow" and *Page 3 
citing section 311.011(b) of the Government Code). Based on the express terms of subsection 901.410(1) and the River Authority's enabling legislation, we think it likely that a court would conclude that the River Authority is a municipal government for purposes of subsection 901.410(1). Accordingly, the professional fees imposed under Occupations Code sections 901.406 and 901.407 would not apply to an employee of the River Authority who holds a license under the TPAA and otherwise qualifies for the exemption. *Page 4 
 SUMMARY
Because the Brazos River Authority (the "River Authority") is, in its enabling legislation, designated a municipality, we believe a court would conclude that the River Authority is a municipal government for purposes of Occupations Code subsection 901.410(1). Accordingly, an employee of the River Authority who holds a license under the Texas Public Accountancy Act and otherwise qualifies for the exemption is exempt from the professional fees imposed under Occupations Code sections 901.406 and901.407.
Very truly yours,
GREG ABBOTT Attorney General of Texas
DANIEL T. HODGE First Assistant Attorney General
DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
NANCY S. FULLER Chair, Opinion Committee
Virginia K. Hoelscher Assistant Attorney General, Opinion Committee
[1] Request Letter at 2 (available athttp://www.texasattorneygeneral.gov). You asked a second question about section 901.410(1). Id. at 1. By letter dated May 10, 2010, you withdrew that question and thus, we do not address it. See Letter from William Treacy, Executive Director, Texas State Board of Public Accountancy, to Nancy S. Fuller, Chair, Opinion Committee (May 10, 2010) (on file with the Opinion Committee).
[2] See, e.g., TEX. TRANSP. CODE ANN. § 251.051 (a)(2) (West 1999) (providing that a commissioners court shall "assume control of streets and alleys in a municipality that does not have an active de facto municipal government"); Williams v. City of Midland, 932 S.W.2d 679, 682 (Tex. App.-El Paso 1996, no writ) ("This exception, coupled with the `governmental-proprietary' exception for municipalities, has meant that the TPAA was only applicable to the governmental functions of a municipal government."). *Page 1